Majors et al. v. Taussig et al.

1. Intervention—Practice.

In determining whether a party is entitled to intervene in an action, the averments of the petition, so far as they are well pleaded and not denied, are to be taken as true.

2. Stockholder's Right to Sue or Defend for Corporation.

The conditions essential to entitle a stockholder to institute or defend an action when the corporate entity upon which that duty devolves refuses to act, are stated in the opinion.

3. Intervention—Pleading.

Mere uncertainty or ambiguity of averments in the petition should not be held sufficient to defeat the right to intervene without giving the usual leave to amend. Intervention proceedings are to be liberally construed, with the view to assist parties in obtaining justice.

*Error to the District Court of Arapahoe County.*

This is an application by J. S. Majors, Ira R. Jackson, O. E. Miller, L. Faifer, T. M. Alderson, F. J. Hurd and W. Robinson, stockholders in the Zalinger Printing Company, to be allowed to defend in behalf of the company in a certain action pending in the district court of Arapahoe county, wherein Jane Taussig is plaintiff and the Zalinger Printing Company defendant. In their application they allege, *inter alia*, that the Zalinger Printing Company is a corporation duly incorporated and doing business under the laws of the state of Colorado.

That B. F. Zalinger is president, John G. Canfield secretary, and Eugene M. Taussig treasurer of said company; "that B. F. Zalinger, Lucy M. Zalinger and one Eugene M. Taussig were for the past year, as your petitioners are informed and believe, directors thereof."

That the said directors and the plaintiff Jane Taussig own and control a majority of the stock of said corporation ; that on or about the 5th day of February, 1890, said John G. Canfield, as secretary and treasurer of said corporation, conspiring with said Benjamin F. Zalinger and with Jane Taussig

to defraud the said Zalinger Printing Company, did make, sign and deliver to said B. F. Zalinger the said promissory note set out by the said Jane Taussig in the complaint by her filed in her aforesaid action. That in furtherance of said conspiracy the said B. F. Zalinger did indorse and deliver the said note, without consideration, to the said Jane Taussig. That on or about the 8th day of January, 1891, the said B. F. Zalinger, falsely and deceitfully conspiring with said Jane Taussig, Eugene Taussig and John G. Canfield to defraud the said Zalinger Printing Company and these petitioners, did make, sign and deliver to said Jane Taussig, without consideration, the certain other promissory note set out by Jane Taussig in her aforesaid complaint.

That the said B. F. Zalinger, in the furtherance of said conspiracy to defraud the Zalinger Printing Company and your petitioners, and in violation of the duty which he, the said B. F. Zalinger, as president of the Zalinger Printing Company, owed to said company and to your petitioners, and for his own gain and for the gain of his co-conspirators did falsely, fraudulently and collusively conspire with said Jane Taussig, John G. Canfield, Lucy M. Zalinger and Eugene Taussig, and did cause said suit to be brought against the Zalinger Printing Company, with intent thereby to defraud your petitioners of their rights under and by virtue of their ownership of the stock in said Zalinger Printing Company and did cause the writ of attachment to be issued in furtherance of said conspiracy, and that all of the property of said company was seized and held under said attachment.

Theretofore the said Jane Taussig, with the connivance and consent of B. F. Zalinger, had brought suit on said notes in the circuit court of the United States in and for the district of Colorado; that the attorney for the company appeared in said cause in the United States circuit court, and in open court declared, on behalf of said defendant corporation, that he had no defence to offer to said suit.

That on the 2d day of March, 1891, on motion of your petitioners, the said United States circuit court dismissed

said suit for want of jurisdiction; that these petitioners were advised by their attorney and believe that the said defendant has a good, valid and legal defense to both of plaintiff's causes of action set out in the complaint on file in the aforesaid action.

· To this application the defendant in error, Jane Taussig, filed her answer, denying the allegations of fraud and conspiracy and all knowledge of any of the acts and things alleged to have been done by Benjamin F. Zalinger, Lucy M. Zalinger, Eugene M. Taussig and John G. Canfield, save the making of the notes set out in her complaint; averred, upon information and belief, that the application of said petitioners was not made in good faith; and further averred that the attorneys retained as counsel for the defendant company would set up in the action any defense that ought to be set up against her claim, at the request of any stockholder of said company. The application was denied and upon the answer filed by the company, admitting the execution of the notes and that the amount thereof remained unpaid, judgment was entered according to the prayer of plaintiff's complaint for the sum of $4,513.50. To reverse this action petitioners bring the case here on error.

Mr. Ralph Talbot and Mr. J. W. Taylor, for plaintiff in error.

Messrs. Morrison & Kohn, for defendants in error.

Mr. Justice Goddard delivered the opinion of the court.

The sole question presented for our consideration is whether the facts set forth in the petition for intervention are sufficient to entitle petitioners to intervene in the pending action for the purpose of interposing a defense, in behalf of the company, to the notes sued on. In determining this question the averments of the petition, so far as the same are well pleaded and undenied, must be taken as true. *Henry v. Travelers' Ins. Co.*, 16 Colo., 179.

The conditions essential to enable a stockholder to institute or defend an action, when the corporate entity upon which that duty devolves refuses to act, are well settled in this country by the leading case of *Hawes v. Oakland*, 104 U. S. 450, and in this state in the case of *Miller v. Murray*, 17 Colo. 408. These conditions, as concisely stated in *Hawes v. Oakland* are, *first*, some action or threatened action of the managing board of directors of the corporation which is beyond the authority conferred by their charter or other source of organization; or, *second*, such a fraudulent transaction, completed or contemplated by the acting managers, either among themselves or with some other shareholders, as will result in serious injury to the corporation or the other shareholders; or, *third*, that the directors, or a majority of them, are acting for their own interests, in a manner destructive of the corporation itself or of the rights of the other shareholders; or, *fourth*, that the majority of shareholders are oppressively and illegally pursuing a course, in the name of the corporation, in violation of the rights of the other shareholders, which can only be restrained by the aid of a court of equity; *fifth*, a stockholder must make an earnest effort with the managing body of the corporation to induce remedial action on their part, and he must show a case; if this is not done, why it could not be done, or it was not reasonably required.

From this application it appears that a fraudulent transaction was not only threatened, but about to be consummated, that would result in serious injury to the corporation and also to the interests of the other shareholders.

That the managing agents of the corporation, in collusion with the plaintiff in that action, had created a fictitious indebtedness against the company, aggregating upwards of $4,000; and in an action thereon, instituted at their instigation, a judgment was about to be taken by confession that would wipe out the entire assets of the company.

Upon this conceded state of facts it would seem eminently just to allow stockholders to interpose to protect their rights when it reasonably appears that any effort on their part to

induce action on the part of the managing body would prove
unavailing. It is insisted that the petition is fatally defect-
ive in failing to state the number of directors of the printing
company, and thus, by direct averment showing that there
was not a majority of the board outside of those charged with
active participation in the fraudulent conduct complained of,
who might be induced to take corporate action to prevent
the consummation of the fraud, and protect the rights of the
stockholders.

While it is true that it is not expressly alleged that the
parties charged with the unlawful conduct complained of
constitute a majority of the board of directors, yet we think
the averments in this respect, while general, are fairly suscep-
tible of the construction that they did constitute the entire
board of directors. The designation of the officers of the
company is as follows:

"That B. F. Zalinger is president of the board of direc-
tors thereof, that John G. Canfield is secretary, and Eugene
M. Taussig is treasurer thereof; that B. F. Zalinger, Lucy
M. Zalinger and one Eugene M. Taussig, were * * * direc-
tors thereof."

If it may be plausibly contended, under a strict rule of
construction, that the averment that the parties named "were
directors" falls short of averring that they constituted the
entire board of directors, yet such a contention ought not to
prevail if the phrase may, by reasonable intendment, be held
as expressing that meaning, and is sufficient to admit proof
of the fact.

At least we think this allegation should be held sufficient
in this regard unless directly attacked in the court below and
an opportunity given to amend. As was said in *Henry v.
Travelers' Ins. Co.*, *supra:* "Mere uncertainty or ambiguity
in the averments of the petition should not be held sufficient
to defeat the right of intervention without giving the usual
opportunity to amend." Intervention proceedings, like other
proceedings under the code, are to be liberally construed with
the view to assist parties in obtaining justice. Code, sec. 443.

The answer of the plaintiff below, while it denies knowledge on her part of the alleged fraudulent acts, etc., does not question the sufficiency of the petition on this ground; and, so far as the record discloses, this objection is raised for the first time in argument in this court, and no opportunity was presented to amend the petition in this respect in the court below. For this reason the defect, if it be one, should be deemed to have been waived and the averment should now be held sufficient to admit proof that the parties charged with wrongdoing constituted the board of directors, and therefore, that an application for redress through the board of directors would have been unavailing. And it being alleged that they were the holders and owners of a majority of the stock, an attempt to obtain redress through an action of the stockholders, even had time permitted, would have been equally unavailing.

The only other objection urged against the sufficiency of the petition is that it fails to state that the petitioners were stockholders at the time the fraudulent notes were executed. A sufficient answer to this is found in the fact that the fraud complained of is not yet consummated, and the attempted enforcement of the notes constitutes the injury to their rights and presents the first opportunity for the complaining stockholders to be heard. We think that the petition presents a case in which the complaining stockholders should have been allowed to intervene and defend the action in the name of the company, and the refusal to permit them so to do would result in a failure of justice. The court below erred in denying this right. The judgment is therefore reversed, and cause remanded.

*Reversed.*

HAYT, C. J. (*dissenting*). The right to appear and defend against this action being primarily in the corporation, we are to inquire whether the allegations of this petition are sufficient to justify a departure from the usual course by permitting the defense to be made by certain stockholders.

VOL. XX—4

Before this can be permitted it should affirmatively appear that relief cannot be had either through the board of directors or through the stockholders.

Upon the allegations of this petition and answer the district court refused to allow the intervention, thereby in effect declaring that the stockholders had not shown such a right as would entitle them to defend the action. We are not advised of the particular reasons given by the court below for its judgment. This is quite immaterial, however, as the question to be determined in this court is upon the correctness of the judgment of the court below without reference to the reasons inducing the conclusions there reached. I am of the opinion that the judgment of the court below in this case was right and that it ought to be affirmed, for the following reasons:

The petition contains no statement with regard to the number of directors composing the board. Under the statute the minimum number permitted is three and the maximum thirteen, but between these limits the corporation may designate any number, and such number shall constitute the board of directors, unless thereafter changed in some appropriate manner. The petition ought to show specifically and definitely that a majority of the board as constituted at the time of the filing of the intervention were conniving at the frauds complained of. This petition not only fails to state the number of the board of directors, but contains no allegation whatever with reference to the composition of the board of directors at the time of the institution of this suit in the district court. The allegation that certain parties, naming three persons, were directors for the past year, does not in my judgment meet either of the foregoing requisites.

To overrule the judgment of the court below denying the right to intervene, under these circumstances would, I fear, be setting a precedent that would lead to mischievous results in the future. Stockholders ought not to be allowed to interfere with the internal management of corporations upon slight or trifling causes, and before individual stockholders

should be accorded a standing in court they should be required at least to show affirmatively by their pleading that otherwise there would be a failure of justice.

Again, the petition in this case is silent as to the number of shares of capital stock held by the petitioners; the time when such shares were acquired and whether acquired by purchase or by operation of law. If, as a matter of fact, these parties are the owners of the capital stock of the company and acquired such ownership after the time of the alleged fraudulent conduct complained of, they are not entitled to set up the defense outlined in their petition for and on behalf of the defendant company.

It has been suggested that the petition could be amended. A sufficient answer to this suggestion would seem to be that neither in the court below nor in this court have the petitioners intimated any desire to amend their petition. Under the circumstances the presumption is that they have stated the case as favorably to themselves as it can be stated. The facts alleged in my judgment do not entitle the petitioners to intervene and make defense for and on behalf of the company, and the judgment of the district court should therefore be affirmed.