No. 13,731.

HARTZLER *v.* RUSSELL GULCH SMELTING COMPANY.

(55 P. [2d] 1329)

Decided March 9, 1936.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiff in error.

Mr. W. B. KING, Mr. ERNEST MORRIS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

WHETHER, in an action by defendant in error against the Gold King Mining Company, wherein that company confessed judgment, plaintiff in error, a stockholder thereof, petitioner to that end, may intervene and defend, is one question; and, if so resolved, whether his allegations constitute a defense, becomes a further question. The trial court dismissed the petition.

The verified allegations of the petition in intervention show that Hartzler is a minority stockholder in the Gold King company; that April 5, 1933, a corporation known as the Pittsburg Consolidated Mining Company, then the owner of a number of mining claims, in consideration of the issuance to it of 150,000 shares of the stock of the Gold King company, and only for that consideration, conveyed to the latter company such mining claims; that certain persons, possessing stockholder and directorate control, purposing to despoil the Gold King company, and particularly petitioner and other minority stockholders of the company, conspired to cause that company to lose title to said mining claims; that as part and parcel of the conspiracy, the persons so conspiring, although there was no consideration therefor, caused the Gold King company to execute to the Pittsburg Company, "confession" promissory notes, dated as of the time of the mining claims and corporate stock exchange between the companies, all due within one year, in the aggregate of $15,000; that in furtherance of their scheme and pur-

pose, and after the maturity thereof, and without consideration, the parties to the conspiracy caused the notes to be assigned to defendant in error, action to be brought thereon against the Gold King company and judgment to be confessed in its behalf by one of the incorporators of defendant in error; that as the result, judgment was entered on the notes, execution issued, and at the time of petitioner's application to intervene, sale of the Gold King company claims pursuant to levy had taken place and certificate to that effect issued.

 1. Since it is fairly alleged: (a) That the notes sued on were without consideration; (b) that those in control of the sued company, cognizant thereof, not only did not defend against the action, but actively authorized entry of judgment; (c) that any request by petitioner upon the managing and controlling agents of the corporate entity to defend the action would have been futile, we are disposed to the view that petitioner qualified for the role he sought. *Majors v. Taussig,* 20 Colo. 44, 36 Pac. 816; *Miller v. Murray,* 17 Colo. 408, 30 Pac. 46.

 2. The recitals which justify the answer we have given to the first question—supported by the same authorities—warrant an affirmative response to the second. Considering the whole record, we think that on the showing of petitioner the judgment against the Gold King company should have been vacated, the execution recalled, levy and sale pursuant thereto set aside, and leave granted to petitioner to answer and defend the action.

 3. We have not overlooked the affidavits presented in opposition to the allegations of the petition. They are regarded as not material to the present inquiry. Whether the notes in suit were executed for a consideration, formally and competently put in issue, can be determined by the court only when functioning for trial purposes.

Let the judgment be reversed.