[No. 5764.]

## DAVIS v. RANDALL ET AL.

1. **Water Rights**—Whether an appurtenance of lands, so as to pass by conveyance of the lands, depends upon the circumstances of the case and the intention of the parties.—P. 492.

2. **Easements—Implied Grant**—When a deed of agricultural lands expressly conveys the right to a certain volume of water for their irrigation, from a source specified, no intention to grant any other easement or right in the water will be implied.—P. 493.

3. **Contracts—Construction** — The construction placed upon the grant by the parties themselves will not override the explicit language of the paper.—P. 494.

*Appeal from Jefferson District Court.*
*Hon. A. H. DeFrance, Judge.*

Mr. GEO. W. TAYLOR, for appellant.

Mr. I. W. BARNES, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The ostensible object of this action was to restrain defendants from interfering with plaintiff in conveying water through certain ditches and laterals across defendants' lands and reconstructing or repairing the same.   The record justifies the assertion that the real purpose was to establish in plaintiff the right to the use of water for irrigation purposes as against the asserted right of the defendants thereto.   At the close of plaintiff's evidence the court, on defendants' motion, nonsuited plaintiff and afterwards overruled his motion for a new trial, and dismissed the action. The controversy upon this review is, therefore, to be determined upon plaintiff's own evidence.

The salient facts are that Laura E. Cook, in the year 1893 owned, in one contiguous tract, a quarter section of land and also other contiguous or adjacent lands, water rights, reservoirs and ditches for applying water thereto.   She divided the quarter section into eight twenty-acre tracts, four of which lay on the north, and four on the south, side thereof. She sold and conveyed to each of her four daughters, then living, forty acres of this quarter section, each one taking twenty acres in the north, and twenty acres in the south, row of the tract so divided.   The conveyance was made by one deed, which, after particularly designating the four several interests in the land conveyed, thus described the water rights granted with the lands:  "* * * together with the following water rights, to wit:  To the said Olive I. McGinnis and Lillian B. Brinkerhuff each the right to purchase yearly from the irrigating ditch known as the Eureka ditch for use upon their respective parcels of land lying under and below said Eureka ditch twelve and one-half inches of water; and to the said Laura E. Randall and Emily F. Briggs each the right to use each and every year thereafter during the irrigating season thereof for the south twenty acres

hereby granted and conveyed to her twelve and one-half inches of water from the upper lake situate on the northeast quarter of the southwest quarter of said section eight, and the right of way for a ditch to convey said water from said lake to their said lands; and to all of the said parties of the second part the right to use the balance of the water of said upper lake and the whole of the water of the lower lake on said last named forty-acre tract of land during each and every irrigating season hereafter for the irrigation of the remainder of their said lands respectively, each to have an equal share of such water and the right to enlarge the said lakes and to the use of the increased supply of water arising from such enlargement, each to have an equal share of such surplus or increased supply, and each to bear an equal part of the expense or cost of such enlargements.'' Other description in the deed relates to grants of right of way for ditches to carry water to these several parcels. Thereafter plaintiff acquired title to two of these northern twenty-acre tracts, one of which had theretofore been conveyed to Lillian B. Brinkerhuff and the other to Emily F. Briggs. By plaintiff's deed he acquired title to the same water rights which Mrs. Brinkerhuff and Mrs. Briggs got by their deed from their mother, the latter deed being referred to in plaintiff's deed for a description of the water rights conveyed to him.

As we understand the record, plaintiff does not claim any other or different water or ditch rights than those expressly and by implication conveyed in the deed of Mrs. Cook to her two daughters, except such rights as, under another source of title, he claims to have obtained as the result of an independent appropriation, which latter claim will be hereinafter separately considered. It appears from the complaint, and also by the evidence, that the ditches

concerning which plaintiff seeks injunctive relief and which are used for irrigating his lands, are higher up than either of the lakes or reservoirs which is the source of supply of the water with which the northern row of twenty-acre tracts was to be irrigated; and it likewise appears that these reservoirs or lakes are lower than the northern portions of such tracts. The plaintiff introduced evidence that before Mrs. Cook conveyed to her daughters she had, at different times and in different ways, applied to her different tracts of lands the water rights which she owned without observing the apportionment of water as made in her deed to the four separately transferred tracts, and after the conveyance to her daughters they did not always adhere to, or observe, such apportionment. There is no contention, and if it was made it could not be maintained, that plaintiff has not enjoyed the use of the water that was particularly described in the deed from Mrs. Cook to her daughters, and in his own deed for the two twenty-acre tracts; but the claim made by plaintiff against defendants, who are immediate and remote grantees of the other two parcels, is that since Mrs. Cook made conveyance of these two twenty-acre tracts, which by mesne conveyances plaintiff has acquired, the implication of law arises that whatever is incident, and necessary, to the enjoyment of the land also passed as an appurtenance, whether so described or not. Otherwise expressed it is contended that, as in this case, "When an owner divides his land into several parts and conveys away one of them, he is taken by implication to include all such easements as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time of the transfer." In support of this proposition plaintiff cites: *Cave v. Crafts*, 53 Cal. 135; *Kelly v. Dunning*, 10 Atl. Rep. 276; *Elliott v.*

*Rhett*, 57 Am. Dec. 750; *Wilson v. Higbee*, 62 Fed. Rep. 723; *Lampman v. Milks*, 21 N. Y. 505.

We do not say that these cases do not announce a correct rule under their facts, but we do say that the legal principle asserted has no application whatever to the facts of this case. Conceding that the doctrine is sound in those cases where the conveyance is silent as to easements or water rights, such is not the case we are considering. In this state the right to the use of water for irrigation is deemed real estate, and is a distinct subject of grant, and may be transferred either with or without the land for which it was originally appropriated, and whether a "water right" passes in a deed of land as an appurtenance, in the absence of express terms in the deed, depends upon the circumstances of the particular case and the intention of the parties.—*Strickler v. City of Colorado Springs*, 16 Colo. 61; *Arnett v. Linhart et al.*, 21 Colo. 188. This doctrine has been often approved in this court in subsequent cases. Plaintiff's deed is not silent as to the easements in ditches or the water rights which his grantor intended should pass. On the contrary it is very specific and clearly defines the particular interest, or easements, in ditches and the water rights which are the subject of the grant. Quite true, no water rights were specifically described or conveyed with which the northern portion of the northern twenty-acre tracts could be irrigated. Nevertheless the grantor had the right, if the grantee was willing to accept the deed, to convey only sufficient water rights to irrigate the southern portion of the northern row of twenty-acre tracts. The deed having thus clearly described the water rights which it was the intention of the grantor to convey, there is no room for the application of the doctrine of implied grants for which plaintiff contends. The matter is one of convention

and not of implication, and the extent of plaintiff's water rights is to be determined by the express terms of his deed. This is the general doctrine and is clearly recognized by the authorities. Washb.· Eas. and Serv. (3d ed.), § 23, p. 57, says that it is only in the silence of the parties that an implied understanding and agreement such as plaintiff insists upon here, arises. In Gould Wat. (2d ed.), § 354, pp. 635-6, the learned author, in treating of the doctrine, says:

"It is, however, a matter of contract depending entirely upon the construction of the conveyance, and the above rules are applicable, according to the character, state and use of the premises at the time of the grant, only where the intention of the parties in this respect is not expressed in terms." In *Scott v. Beutel,* 23 Gratt. 1, and *Hardy v. McCullough et al.,* 23 Gratt. 251, the supreme court of Virginia explicitly and clearly states that the doctrine does not obtain where the intention of the parties is expressed in terms, and in the latter case said: "When not thus expressed, the construction will be controlled by the use and condition of the property at the time of sale,· and certain implications and presumptions of law arising thereon. But these implications or presumptions will only be applied in the absence of an express contract on the subject between the parties. Where there is such contract, the case must be governed by it 'upon the ground of convention, between those who have a disposing power.' "

To apply the law thus laid down to the facts of this case, we have here a deed in which the parties, by express contract, have said what particular water rights shall pass to, and in connection with the grant of, the several parcels of land. The grantee, therefore, takes only such water rights as are, by the express terms of the contract of conveyance, described.

The intention of the parties being expressed, no implication as to other water rights arises. Plaintiff already is in the enjoyment of the right belonging to his two twenty-acre tracts and he is entitled to no more. As to the practical construction which plaintiff claims Mrs. Cook and her immediate grantees placed upon her deed to them and that theretofore made by her in the manner of use of water, we observe that nothing is to be taken from the method of use made by Mrs. Cook at the time of her ownership. Unity of ownership and possession of all the lands and rights was then in her. There is nothing in the evidence to show that after her conveyance to her daughters any of them made any use under claim of right of any other water right than that specifically conveyed to them, or that she recognized any such claim. Besides, if the daughters did not, as between themselves, rigidly adhere to the apportionment of water which their deed made, when the two through whom plaintiff deraigns title conveyed their lands they limited to their respective parcels sold a specific water right; hence all the evidence as to previous method of use was immaterial. Then, too, the construction put upon a contract by parties thereto is important only in cases where there is doubt or ambiguity in the express language of the contract. There is no uncertainty whatever in the language of the deed by which these water rights passed.

The additional point made by plaintiff, that even if he acquired by grant no water rights other than those described in his deed, he has acquired them as a result of an independent appropriation, finds no support in the evidence. Such a claim, under the facts, is so devoid of merit that we decline to enter upon a discussion of it.

In thus disposing of the case we must not be understood as upholding the right of plaintiff, under

his complaint, ˎto have adjudicated to him water rights in addition to those covered by the express language of his deed. Without deciding on the sufficiency of the complaint in that particular, we content ourselves by saying that plaintiff is not entitled to a recovery, under the undisputed evidence, assuming that his pleading entitles him thereto if the essential facts to a recovery were present.

The judgment below, which was in favor of defendants, is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.