[No. 6800.]

WILSON, EXECUTOR, v. BOARD OF REGENTS OF THE
UNIVERSITY OF COLORADO.

**Appeals—To Whom Allowed—**An executor representing no
one but himself will not be allowed to appeal from an order
directing a partial distribution of the testator's estate.

*Appeal from Boulder District Court* — Hon.
HARRY P. GAMBLE, Judge.

Mr. HENRY O. ANDREWS, for appellant.

Hon. JOHN T. BARNETT, attorney general, Mr.
JAMES M. BRINSON, assistant attorney general, for
appellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

This appeal is by the executor Thomas V. Wil-
son from an order of the court directing a partial
distribution of the residuum of the estate of Andrew
J. Macky, deceased. Upon appellee's motion to dis-
miss the same we have examined the record with the
utmost care, and are unable to ascertain therefrom
that the appellant has any appealable interest there-
in whatsoever. Indeed there is no real controversy
or issue presented by this appeal for determination
by the court. Appeals are not allowed for the mere
purpose of delay, or to present purely abstract legal
questions, however important or interesting, but to
correct errors injuriously affecting the rights of some
party to the litigation. Only parties aggrieved may
appeal. The word *aggrieved* refers to a substantial
grievance, the denial to the party of some claim of
right, either of property or of person, or the imposi-
tion upon him of some burden or obligation. It is
not apparent that appellant is thus affected by the
order complained of. He is not concerned in the

slightest degree, in any legal sense, with the question of the proposed partial distribution of the residuum of said estate.   There is no dispute anywhere as to whom it rightfully belongs, and lawfully must go. He has no personal interest in it; he acts purely in a representative and official capacity.   It is not for him, on his own motion, representing no one in interest and no one aggrieved by such action, to question, dispute and deny the order of the court in this behalf.   Nevertheless he brings this matter here by appeal, in behalf of no one but himself, speaking for no one but himself, and for no other interest, except such as seem purely personal.

It has been necessary to examine the facts of the case, sufficiently at least, to determine appellant's right of appeal, which is the vital question at issue on this motion.   No one having a direct or other interest in and to, or claim upon, the estate, in whole or in part, objects to or complains of the order of partial distribution.   The executor alone does this, the result of which is simply to keep in his hands this large property, upon which, and upon no part of which, has he any personal claim whatever.

True it is that a possible balance of fees may yet be allowed him as executor, with a possible further allowance for an attorney, to cover which, upon any possible contingency, clearly an abundant amount under the court's order is retained in his hands.   Moreover a bond of $50,000.00 is required to be given by the regents of the state university to the executor, as such, to protect him against any and every possible future adverse happening.

If the contention of the appellant is correct, and to be upheld, the power is placed in the hands of such a representative official to indefinitely tie up and postpone the settlement and distribution of any estate, where no dispute of substance whatever

exists, and upon flimsy and trifling pretexts, in the interests only of one seeking, in his official capacity, to retain possession of the property involved. The law does not contemplate or approve such action, and courts should neither allow nor sanction it when properly called to their attention.

It is unnecessary to decide whether the order in question is of an appealable character, because it is manifest that the executor has no such interest therein as entitles him to review it, and his attempt so to do must be dismissed in any event. The order of the court below is a full and complete protection to the executor for whatever he may do, by way of disposition of the property, within its terms. This being true, what possible interest has he in the further prosecution of the action? Clearly it is his duty, as it should be his pleasure, to promptly acquiesce in such order and cheerfully comply with its terms.

The appeal should be dismissed, and it is so ordered.    *Dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.