No. 15,013.

SENNE *v.* CONLEY ET AL.

(133 P. [2d] 381)

Decided January 11, 1943.

Mr. B. F. Reed, for plaintiff in error.

Messrs. McDougal & O'Dell, for defendants in error.

*En Banc.*

Mr. Justice Fetzer delivered the opinion of the court.

This litigation arises over an order of the trial court denying a motion and verified petition of plaintiff in error who sought to be permitted to be made a party and present a defense to the action, or to be relieved from the effect of any judgment entered therein in favor of Conley, one of the defendants in error, against Associated Metals, Inc., the other defendant in error. Conley brought the suit against Associated Metals, Inc., a Delaware corporation, to which we hereinafter refer as "corporation," for services performed by him and one Byrd, who assigned his claim to him. The complaint was filed February 3, 1941. April 1, 1941 Conley filed a motion to quash the appearance of the corporation, which had filed a motion to strike, for noncompliance with the requirements of a foreign corporation doing business in Colorado. The motion was granted and an order entered that the appearance of the corporation be stricken. The order also dismissed the other two defendants French, who was secretary, director and treasurer, and Furstenberg, a director of the corporation. At the same time there was also entered an order of default, a judgment against the corporation in favor of Conley in the

sum of $3,487.07 and an order to have execution therefor because of its failure to qualify under section 109, chapter 41, '35 C.S.A., requiring every foreign corporation doing business within this state to file in the office of the secretary of state a copy of its charter and a proper certificate identifying the laws of such state under which it is organized. The corporation had not paid the capital stock tax, filed an annual report nor appointed an agent in Colorado. April 9, 1941 an oral motion made on behalf of the corporation to vacate the default judgment was denied and an order staying execution for thirty days from the date of entry of the default judgment was entered.

May 16, 1941 plaintiff in error filed a motion for an order permitting him to become a party by intervention and filed his verified petition for relief, which petition was made a part of said motion, on the grounds that he had a substantial interest in the event of the suit; that the representation of his interest by existing parties is or may be inadequate; that he is or may be bound by the judgment in said action; that the judgment entered in favor of Conley was rendered through applicant's inadvertence, surprise and excusable neglect; that the judgment was obtained as a result of fraud and bad faith of the plaintiff, Conley, in asserting false and fictitious claims against the corporation and in preventing the corporation from making defense to such claims. The petition, in addition to setting forth some of the matters hereinabove stated, alleges that he was the owner of a large amount of the capital stock of the corporation; that the corporation had made payment in full to both Conley and to Byrd; that Conley and Byrd were owners of a large amount of, and were in control of a large majority of, the stock; that they caused a meeting of the stockholders to be held on March 17, 1941 for the purpose of electing a new board of directors and for the purpose and intent of depriving plaintiff in error of the right to cause the corporation to become

qualified as a foreign corporation and with the intent fraudulently and unlawfully to prevent the corporation from making any defense; that the directors so elected are controlled by Conley and Byrd and refused to cause the corporation to become qualified to do business in Colorado, and refused to take any action to prevent the rendition of judgment against the corporation; that the plaintiff in error had been a director of the corporation from March 1, 1940 to March 17, 1941, but had not been an officer or director since March 17, 1941 and does not have and cannot obtain the right or power to qualify the corporation competent to make a defense to the action; that he may be liable to satisfy said fraudulent judgment and may be unable lawfully to attack said judgment; that as president he had been informed in April, 1940 by the then attorney for the corporation that all necessary documents had been filed in Colorado for the corporation, and that said corporation was qualified to do business in Colorado; that he was not informed to the contrary until after the entry of the judgment; that immediately upon being so informed he employed counsel and proceeded with due diligence to bring his grievances to the attention of the court.

Plaintiff in error expresses his fear that he might be liable under section 113, chapter 41, '35 C.S.A., which reads as follows: "A failure to comply with the provisions of sections 109 and 110 of this chapter shall render each and every officer, agent and stockholder of any such corporation, so failing herein, jointly and severally personally liable on any and all contracts of such company made within this state during the time that such corporation is so in default."

No denial of the facts set forth in the petition and affidavit was filed. May 19 the motion and petition of plaintiff in error were denied.

█ The only question ultimately involved is, Should the motion of plaintiff in error permitting him to become a party by intervention and permitting him to file

his petition for relief have been granted? We are of the opinion that it should have been. The averments of the petition without any answer or other response thereto, so far as the same are well-pleaded, must be taken as true. *Henry v. Travelers' Insurance Co.,* 16 Colo. 179, 184, 26 Pac. 318; *Majors v. Taussig,* 20 Colo. 44, 46, 36 Pac. 816; *Grand Lodge v. Grand Lodge,* 86 Colo. 330, 340, 282 Pac. 193.

■ Rule 60 C(b), R.C.P. Colo., provides: "On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding 6 months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) when, for any cause, the summons in an action has not been personally served within or without the state on the defendant, to allow, on such terms as may be just, such defendant, or his legal representatives, at any time within 6 months after the rendition of any judgment in such action, to answer to the merits of the original action." Rule 24(b) provides: "Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." In the present case, allowing plaintiff in error to intervene should not have unduly delayed nor prejudiced the adjudication of the rights of the original parties.

■ Rule 1 C(a), R. C. P. Colo., prescribes, inter alia, that the rules "shall be liberally construed to se-

cure the just, speedy and inexpensive determination of every action." These rules must be liberally construed to avoid a multiplicity of suits, and all related controversies should, as far as possible, be settled in one action. For liberal construction in interpreting the rules with reference to intervention, see: *Brotherhood of Locomotive Engineers et al., v. Chicago, M. St. P. & P. R. Co., et al.,* 34 F. Supp. 594; *Securities and Exchange Commission v. United States R. & I. Co.,* 310 U. S. 434, 60 Sup. Ct. 1044, 1055, 84 L. Ed. 1923; *United States v. C. M. Lane Lifeboat Co., Inc.,* 25 F. Supp. 410, 118 F. (2d) 793. Our former Code of Civil Procedure provision had the same purpose. *Grand Lodge v. Grand Lodge, supra,* page 340.

Plaintiff in error had a vital interest in the outcome of the case though he was not a party to it. In *United States v. C. M. Lane Lifeboat Co., Inc., supra,* Krolman, who was president of the Lifeboat Company, was permitted to intervene as an interested party defendant pursuant to the provisions of Rule 24 of Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds that a judgment against the insurance company, though it would not directly bind him, would in the last analysis do so indirectly as he, with the vice president of the company, as individuals, had executed an agreement wherein they bound themselves to indemnify the defendant surety company for any money which it might be required to pay as a consequence of having executed bonds. The petition alleged that the attorney representing the defendants was not on friendly terms with the petitioner and that his representation did not appear to be adequate.

█ Plaintiff in error's motion was timely filed. In the case of *Morin v. City of Stuart,* 112 F. (2d) 585, before the Circuit Court of Appeals, Fifth Circuit, a petition to intervene was presented to the appellate court in a suit which had been dismissed in the district court. The court stated that it had no original jurisdiction over the

matter presented but, "if it be reversed, they [petitioners] may seek intervention in the district court where the question ought to be presented." In *Floyd v. Sellers,* 7 Colo. App. 491, 44 Pac. 371, a proceeding was instituted by Floyd against Cochran, who made no appearance and default was entered against him on August 16, 1894. Sellers, not a party to the action, presented, October 1, 1894, the opening day of the term of court, a petition praying that he be permitted to intervene and be made a party defendant. The court regarded the petition as one to become a party rather than to intervene and held that it was not filed too late as Sellers had availed himself of the earliest opportunity to make his application.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.