Opinion by
Mr. Chief Justice Moore.
*195 In the trial court John Deerksen filed his complaint against Front Range Mines, Inc. in which he prayed for judgment for the total sum of $65,508.64 allegedly due him, (1) for moneys expended by him upon request of the corporation, and (2) for work and labor performed by him at the instance and request of the corporation for a period of two and one-half years prior to April 30, 1964. Deerksen was president of the corporation against which the action was brought.
On July 30, 1964, summons in the action and a copy of the complaint were served upon one Paul R. Spencer, secretary of the defendant Front Range Mines, Inc. No appearance was made in the action by the corporation, and on August 28, 1964, default judgment was entered for the amount claimed in the complaint.
About two months following the entry of the judgment above mentioned, Paul Snodgrass, who was the third member of the board of directors of Front Range Mines, Inc. and a substantial stockholder thereof, together with Dorothy D. Brown who owned approximately one-fifth of the outstanding shares of stock in the company, filed their motion to intervene in the action. They alleged that Deerksen, Spencer, and Snodgrass were the board of directors of the company, that Snodgrass had no knowledge of the filing of the action by Deerksen or the entry of the judgment; that neither Deerksen nor Spencer took any action on behalf of the corporation to protect the stockholders; that “the default judgment was obtained by the connivance of the plaintiff Deerksen and Paul Spencer” (a director of the corporation); and that the corporation had a meritorious defense to the action. It was further alleged that the corporation “has assets which the plaintiff may take on execution which will result in irreparable loss to the corporation and to the stockholders.” Snodgrass and Brown tendered an answer in which defenses to the complaint were set forth, which were sufficient if proven *196 to defeat the claim of the plaintiff in whole or in substantial part.
The prayer of the motion to intervene was that the movants be permitted to intervene “individually and on behalf of other stockholders similarly situated”; that the default judgment theretofore entered be set aside; that the tendered answer be filed; and that the issues in the case be decided on the merits.
On November 8, 1964, the motion of Snodgrass and Brown was heard and denied. They are here on writ of error seeking reversal.
There is nothing contained in the record before us nor in the briefs which have been read, and nothing was presented to this court in oral argument, which legally supports the position taken by the trial court in denying that relief sought by Snodgrass and Brown. The case is remarkably similar to Senne v. Conley, 110 Colo. 270, 133 P.2d 381, in which it was held that where a stockholder of a corporation, acting promptly after the entry of a default judgment against the latter, presented to the trial court a petition to have the judgment set aside and for leave to file an answer — it appearing from the petition that he was not a party to the original proceeding, would be prejudiced by the judgment if it were permitted to stand, and that he had a good defense to the action, under pertinent Colorado rules of procedure— the petition should have been granted, since a denial thereof constituted prejudicial, reversible error.
The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Mr. Justice Day and Mr. Justice McWilliams concur.