Irwin Harold **KORNFELD**, Plaintiff-Appellee,

v.

Jerry L. **YOST** et al., Defendants,
and
Perl Mack Liquors, Inc., Defendant-Appellant.

No. 75–346.

Colorado Court of Appeals,
Div. II.

April 15, 1976.

Rehearing Denied April 29, 1976.

Certiorari Granted June 21, 1976.

Brenman, Sobol & Baum, Martin Zerobnick, Stephen N. Berkowitz, Denver, for plaintiff-appellee.

Edward B. Towey, James J. Zak, Denver, for defendant-appellant.

STERNBERG, Judge.

Plaintiff's application for a retail liquor store license was denied by the Adams County Board of Commissioners. The applicant then filed an action under C.R.C.P. 106, joining both the Board and Perl Mack Liquors, Inc. which operated a retail liquor store in the designated neighborhood and which had appeared at the hearing opposing the license. The district court ordered the Board to issue the license. The Board did so, but Perl Mack appeals. We reverse.

At the hearing on the application an investigator selected by the Board reported that his canvass of the neighborhood previously designated by the Board disclosed eighty-one people in favor of issuance of the license, thirty-seven opposed, and forty-nine neutral. The applicant submitted petitions containing approximately 1,000 signatures of those favoring issuance of the license. Attorneys representing Perl Mack produced petitions containing approximately 300 signatures of those opposing the license.

The record shows that there is one licensed package store within the neighborhood, located three-tenths of a mile from applicant's proposed site. Three other package liquor store licenses are located just beyond the edge of the boundaries of the neighborhood, and twelve more within a two mile radius of the premises under consideration.

The Board denied the application on the dual grounds that there had been no proof that "the reasonable needs and desires of the neighborhood are not adequately served . . . ." and that "the reasonable needs and desires of the neighborhood are presently met by existing outlets."

In liquor license cases, the authorities must consider "the reasonable requirements of the neighborhood, the desires of the inhabitants . . . ." Section 12–47–116(2), C.R.S.1973. By § 12–47–141(2), C.R.S. 1973, the local licensing authority is also directed to consider "the reasonable requirements of the neighborhood for the type of license for which application has

been made, the number, type, and availability of liquor outlets located in *or near* the neighborhood under consideration . . . ." (emphasis supplied)

■ Applying these statutory standards to the evidence before the Board, the conclusion is inescapable that "the instant case is security rooted in the 'vast middle ground' where the licensing authority may in its sound discretion grant or deny the license without being properly or lawfully charged with arbitrary, capricious or unreasonable acts or conduct." *Big Top, Inc. v. Hoskinson,* 158 Colo. 400, 407 P.2d 26. Here, the Board was not capricious in concluding from the evidence that the needs of this neighborhood were served by the establishments located within the neighborhood and nearby. Also, there was credible evidence that a significant number of inhabitants of the neighborhood did not desire this license.

■ The fact that a greater number of inhabitants had signed petitions favoring issuance of the license does not of itself mandate issuance thereof. As stated in *MacArthur v. Sanzalone,* 123 Colo. 166, at 168, 225 P.2d 1044 at 1045:

"[T]he issuance of licenses under the liquor code depends in the final analysis on the judgment of the licensing authority and not upon that of citizens or the court; . . . all reasonable doubt must be resolved in favor of the licensing authority."

That case also states that:

"[A]s a reviewing court, we are not concerned with whether or not there was evidence to support the decision of the trial court but only whether or not the decision of the licensing authority was supported by competent evidence."

■ Relying on *Moschetti v. Liquor Licensing Authority,* 176 Colo. 281, 490 P.2d 299, and *Larson v. City & County of Denver,* 33 Colo.App. 153, 516 P.2d 448, applicant contends that this appeal must be dismissed as being premature since the state licensing authority has not yet passed on the application. We disagree. In the cited cases, the local licensing authority had approved issuance of the license. Thus, those cases stand for the proposition that before one protesting *issuance* of a license may seek review in the district court, he must first exhaust his administrative remedies before the state licensing authority. Indeed, it is stated in *Moschetti,* that "[i]f the local licensing authority denies the license, appeal therefrom to the district court would lie because the state alone could not authorize the issuance."

■ Likewise, we disagree with applicant's contention that this appellant has no standing to appeal the case to this court. By § 12–47–140(5)(b)(III), C.R.S.1973, an owner of a business located within the neighborhood is a party in interest to the extent that he may present evidence at the hearing before the licensing authority. The appellant did so. Also, applicant named the appellant as a party defendant in the district court action and appellant appeared there through counsel. We cannot deny the right of appeal to one who had standing and appeared at the administrative hearing, and who was sued, and defended, but lost in the district court. *Cf. Spero v. Board of Trustees,* 35 Colo.App. 64, 529 P.2d 327.

Judgment reversed and cause remanded to the district court with directions to affirm the actions of the Board of County Commissioners in denying the application and for further proceedings consistent with this opinion.

SILVERSTEIN, C. J., and BERMAN, J., concur.