**AMCO INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Jimmy M. SILLS, Appellant.**

No. 05CA2683.

Colorado Court of Appeals,
Div. V.

May 31, 2007.

Spies, Powers & Robinson, P.C., Jack D. Robinson, Denver, Colorado, for Plaintiff–Appellee.

Slater & Associates, P.C., Terry D. Slater, Grand Junction, Colorado, for Appellant.

Opinion by Judge CARPARELLI.

In this declaratory judgment action regarding insurance coverage, Jimmy Sills, who was not a party in the district court, appeals the court's entry of default and declaratory judgment holding that plaintiff, AMCO Insurance Company, owed no duty to defend or indemnify defendants, Black Jack Construction, Inc., and Sills Investments, Inc. (the policyholders), in a construction defect action. We dismiss the appeal.

## I.

Michael and Lara Fergen (the buyers) purchased a tract of land from Sills Investments. Black Jack designed and built a house on the land. Buyers gave Black Jack a notice of construction defect claim under § 13–20–803.5, C.R.S.2006. Black Jack submitted a claim to AMCO for defense and indemnity benefits under its general liability policy. AMCO filed a declaratory judgment action against the policyholders to determine its obligations under the general liability policy. Jimmy Sills (employee), who is Jack Sills' father and an employee of Black Jack, was not a party to the declaratory judgment action.

Buyers subsequently filed suit against Black Jack, and, later, added Sills Investments and Jack Sills, who is the president and sole shareholder of both Black Jack and Sills Investments. They also added the appellant, Jimmy Sills (employee), who is Jack Sills' father and was an employee of Black Jack.

After the policyholders failed to respond to the amended complaint in AMCO's declaratory judgment action, the district court entered default judgment in favor of AMCO and granted AMCO declaratory relief, holding that AMCO owed no duty to defend or indemnify the policyholders. AMCO then notified employee that it would no longer provide him with legal representation in the buyers' construction defects action, and employee brought this appeal.

## II.

AMCO contends that employee lacks standing to appeal the district court's entry of default and declaratory judgment. Employee argues that he has standing to appeal the judgment because the judgment denied him his "'right' to a legal defense" under Black Jack's insurance policy and "imposed the burden of forcing him to defend against [buyers]." We agree with AMCO.

## A.

To have standing to appeal a district court judgment, a nonparty must "be a person substantially aggrieved by the disposition of the case" in the district court. *Miller v. Clark*, 144 Colo. 431, 432, 356 P.2d 965, 966 (1960). "The word 'aggrieved' refers to a substantial grievance; the denial to the party of some claim of right, either of property or of person, or the imposition upon him of some burden or obligation." *Wilson v. Bd. of Regents (In re Estate of Macky)*, 46 Colo. 100, 100, 102 P. 1088, 1089 (1909) (*Wilson*).

## B.

We first reject employee's assertion that the default judgment imposed the burden of forcing him to defend against the buyers.

### 1.

A nonparty who is adversely affected by a judgment or order is not necessarily substantially aggrieved, and, thus, does not necessarily have standing to appeal. For

example, when a judgment adversely affects a nonparty's circumstances and, thereby, exposes the nonparty to obligations, claims, or liabilities not created by the judgment, the nonparty does not have standing to appeal the judgment. *Colo. Permanente Med. Group, P.C. v. Evans*, 926 P.2d 1218, 1224 (Colo.1996) (*Evans* ).

In *Evans*, the decedent's surviving spouse brought a medical malpractice and wrongful death suit against the treating physician, the physician's practice group, the health maintenance organization (HMO) whose enrollees the practice group served, and employees of the HMO. *Evans, supra*, 926 P.2d at 1220. The HMO and employees moved to stay the proceedings and to compel arbitration based on a contractual agreement, but the court denied the motion. *Evans, supra*, 926 P.2d at 1222. The court later granted summary judgment for the HMO and dismissed it from the suit. *Evans, supra*, 926 P.2d at 1222. The claims against the physician, the practice group, and the employees were tried, and judgment entered against them, but, under the collateral source statute, § 13–21–111.6, C.R.S.2006, the court reduced the award for past medical expenses previously paid by the HMO. *Evans, supra*, 926 P.2d at 1222.

The surviving spouse appealed the grant of summary judgment for the HMO and the reduction of the damages award. The employees appealed the denial of arbitration. *Evans, supra*, 926 P.2d at 1222. A division of this court affirmed the summary judgment for the HMO, reversed the reduction of the damages award, and affirmed the ruling that the arbitration clause was unenforceable. *Evans v. Colo. Permanente Med. Group, P.C.*, 902 P.2d 867 (Colo.App.1995); *see Evans, supra*, 926 P.2d at 1222.

Although the HMO was not a party to the appeal, it petitioned the supreme court for a writ of certiorari. *Evans, supra*, 926 P.2d at 1223. The supreme court ruled that the HMO was not substantially aggrieved by the court of appeals decision through the denial of a legal right or imposition of a burden. *Evans, supra*, 926 P.2d at 1223.

The supreme court first held that although the court of appeals decided that the arbitration clause was not enforceable by the em-

ployees, it did not address whether it was enforceable by the HMO in other actions. Consequently, the HMO was not substantially aggrieved by that determination. *Evans, supra*, 926 P.2d at 1224.

The supreme court then held that although the district court judgment against the HMO's employees constituted an injury or burden for the HMO, that liability arose from the HMO's employment relationship with the employees, not from the court's order. The court also held that the HMO's liability to its employees was only indirectly affected by the court of appeals decision. Thus, the supreme court ruled that there was not a sufficiently direct causal connection between the court of appeals decision and the HMO's asserted injury to warrant the conclusion that the HMO was directly and substantially aggrieved by the appellate decision. *Evans, supra*, 926 P.2d at 1224.

In addition, the court noted that the HMO did not seek a rehearing of the court of appeals decision, or seek to intervene as a party to the certiorari proceedings. Instead, it merely reconfigured the caption of the case to indicate that it was a petitioner and attempted to join the action without giving notice or seeking leave to do so. Accordingly, the supreme court denied the HMO standing to appeal by petition for a writ of certiorari. *Evans, supra*, 926 P.2d at 1224.

## 2.

■ In contrast, a nonparty may be substantially aggrieved when a judgment creates for the nonparty an enforceable liability that did not otherwise exist. *Evans, supra*, 926 P.2d at 1224; *Bush v. Winker*, 907 P.2d 79, 81–82 (Colo.1995).

In *Bush v. Winker, supra*, 907 P.2d at 80, Bush and others sued Winker and, among others, two partnerships in which he was a general partner. The court entered default judgment against the partnerships, and although Winker was not a party to the claims against the partnerships, the court ordered that the judgment could be enforced against Winker's property, and later entered a separate judgment against Winker in accordance

with the default judgment. Winker appealed, but the partnerships did not.

The supreme court ruled that Winker had standing to appeal the judgment, holding that it imposed a conditional liability against him, and that, therefore, he was substantially aggrieved by it. *Bush, supra,* 907 P.2d at 82.

### 3.

■ Here, the declaratory judgment entered against the policyholders does not create a conditional liability for employee similar to that imposed in *Bush.* Unlike the appellant in *Bush,* employee is not named in the order, and the court did not enter an order that adjudges employee liable or conditionally liable to any other person or entity.

Instead, as in *Evans,* the district court's order regarding AMCO's obligations to the policyholders was not a direct cause of employee's need to mount a defense in the buyers' lawsuit and his obligation to pay attorney fees. Employee's burden of defending himself arose from his relationship to the construction of the home and the lawsuit initiated by the buyers, not from the court's order. And employee's obligation to pay his attorneys arose from his decision to retain those attorneys. Although the court's declaration that AMCO did not owe a duty to defend or indemnify the policyholders affected the resources employee might access to pay those fees, it did not impose judgment against employee regarding his past or future liability to his attorneys. Thus, unlike the judgment in *Bush,* the judgment here did not impose or adjudicate employee's liability to the attorneys, but, rather only indirectly affected employee's liability. Therefore, there is not a sufficiently direct causal connection between the default judgment and employee's asserted injury to warrant the conclusion that employee was directly and substantially aggrieved by the judgment.

Similarly, the judgment entered here does not declare that employee is liable to the buyers. Instead, employee's risk of liability to the buyers arises from employee's work on the construction of the home and the alleged defects in that construction, not from the declaratory judgment entered against the policyholders.

Therefore, we conclude that the judgment does not impose a burden or obligation on employee such that he is substantially aggrieved by it.

### C.

■ We also reject employee's assertion that he has standing to appeal the district court's entry of default and declaratory judgment because the district court's judgment denied him "his 'right' to a legal defense" in the construction defects action under Black Jack's general liability policy.

### 1.

The *Wilson* court did not provide a rationale, cite authority, or provide a definition for the phrase "claim of right, either of property or of person." *Wilson, supra,* 46 Colo. at 100, 102 P. at 1089. Nor has any Colorado court provided a precise definition since the test was first stated in *Wilson.*

In 1909, when the court established the test, the phrase "claim of right" had been most frequently used in the context of property and water disputes in which a person or entity used or possessed property under a "claim of right." *See Park v. Park,* 45 Colo. 347, 101 P. 403, 406 (1909) (claim of right to water and irrigation ditches based on appropriation and court decree); *Davis v. Randall,* 44 Colo. 488, 99 P. 322, 325 (1909) (claim of right to water based on grant); *Wyatt v. Burdette,* 43 Colo. 208, 95 P. 336, 338 (1908) (claim of right to take up, feed, and water cattle, based on duties as humane officer); *Union Depot & Ry. v. Meeking,* 42 Colo. 89, 94 P. 16 (1908) (claim of right to use land as a hack stand based on grant and designation from fire and police board).

Since the decision in *Wilson,* most cases that have addressed the standing of nonparties to appeal have turned on whether the order or judgment imposed an obligation on the nonparty. The few cases that have addressed whether an order or judgment denied a claim of right have involved nonparties who appeared or participated in the litigation and asserted a position that the court rejected.

In *Kornfeld v. Perl Mack Liquors, Inc.*, 193 Colo. 442, 444, 567 P.2d 383, 385 (1977), after the board of county commissioners denied a liquor license application, the applicant brought an action under C.R.C.P. 106(a)(4). In it, the applicant named the board as a defendant, and also named a liquor store operator who had opposed his application before the board. When the district court ordered the board to issue a license to the applicant, the board complied without appealing. However, the liquor store operator appealed to the court of appeals, which reversed the district court judgment. *Kornfeld v. Yost*, 37 Colo.App. 483, 551 P.2d 219 (1976). The supreme court reversed the court of appeals, concluding that the liquor store operator had no standing to appeal because he was not substantially aggrieved by the district court judgment.

In *In re Marriage of Shapard*, 129 P.3d 1007 (Colo.App.2004), the court awarded wife her attorney fees. Before the hearing on the amount of the fees, wife's attorneys filed a notice of attorney lien, and the court entered judgment awarding a lien in a specified amount. Also before the hearing, the attorneys filed a motion to withdraw from representation and to intervene in the case. The magistrate allowed the attorneys to participate in the hearing and to introduce evidence on the reasonableness and necessity of their fees. The magistrate thereafter denied the attorneys' motion to intervene. The attorneys appealed, contending the magistrate erroneously denied their motion to intervene and set the amount of fees.

A division of this court concluded that the attorneys had standing to appeal from the order denying intervention, and that the attorneys were entitled to intervene in the action and to assert and enforce their lien, but that the erroneous denial of the attorneys' intervention was harmless. However, the *Shapard* division also concluded that the attorneys did not have standing to appeal the amount of fees awarded because the court's order imposed no constraint on the attorneys' further pursuit of payment from the wife. *See also Tower v. Tower*, 147 Colo. 480, 486, 364 P.2d 565, 568–69 (1961) (attorney had standing to appeal the district court's denial of his motion for attorney fees).

In *Roberts–Henry v. Richter*, 802 P.2d 1159, 1161 (Colo.App.1990), a psychiatrist treated a patient after she terminated her relationship with another psychiatrist. When the patient sued the first psychiatrist for malpractice, the defendant deposed the treating psychiatrist. When the defendant asked questions about the treating psychiatrist's personal life and designated her as an expert, the treating psychiatrist hired an attorney, joined in the patient's motion to strike the designation, and had her attorney attend a subsequent deposition.

After the jury returned a verdict for the patient, the treating psychiatrist filed a motion seeking attorney fees, costs, and sanctions, pursuant to C.R.C.P. 11, 26(c), and 37(a)(3). The court denied the motion. A division of this court concluded that "a nonparty deponent is aggrieved by an order denying a request for attorney fees and costs predicated upon an alleged violation of the discovery process if, as [t]here, there is a specific provision made in the Rules of Civil Procedure for an award of such fees and costs." *Roberts–Henry, supra*, 802 P.2d at 1161.

2.

These cases have held that an order denies a nonparty's claim of right when the nonparty participates in the litigation and asserts a right, and the court enters an order or judgment that denies the right asserted. Under the test created in *Wilson*, when a nonparty asserts a right to intervene in the litigation or a right to attorney fees, and the court denies the right asserted, the court has denied a claim of right of person; when a nonparty asserts a right to use or possess real or personal property and it is denied, the court has denied a claim of right of property.

3.

Here, employee did not participate in the declaratory judgment action in any capacity, did not assert any right in the district court, did not seek to intervene, and did not seek post-judgment relief. He did not assert any

right of property, nor did he assert any right of personal action arising from common law or a constitution, statute, rule, or ordinance.

At best, for the first time in this appeal, employee asserts that he is entitled to coverage under the policy, a claim he could have raised by filing suit against AMCO or seeking to intervene in the district court. Had he filed suit and not prevailed, or attempted to intervene and been denied the right to do so, he could have appealed the court's denial of his claim or his right to intervene. However, no denial of such a claim of right is before us, and we express no opinion regarding the merits of such a coverage claim or attempt to intervene.

Moreover, employee argues that he could not seek post-judgment relief because he was not in privity with the named defendants (the policyholders) and that nothing in the appealed default judgment can lawfully prejudice his rights. In addition, during oral argument, counsel for AMCO stated that the judgment here does not preclude employee from seeking relief in a separate action. Thus, neither party asserts that the order deprives employee of any claim of right he might assert in the future.

We conclude that the order entering default judgment against the policyholders did not deny a claim of right by employee.

As we conclude that employee lacks standing to appeal the district court's judgment, we do not address his other contentions of error.

The appeal is dismissed.

Judge J. JONES concurs.

Judge VOGT dissents.

Judge VOGT dissenting.

Although I conclude, for the reasons set forth below, that appellant, Jimmy Sills, is not entitled to relief on his contentions of error, I disagree with the majority's conclusion that he was not substantially aggrieved by the declaratory judgment and therefore lacks standing to appeal.

"A non-party has standing to appeal an order of the trial court following entry of a final judgment if it appears that the nonparty was substantially aggrieved by the order." *Bush v. Winker*, 907 P.2d 79, 81 (Colo.1995) (non-party appellant was substantially aggrieved by default judgment against his partnerships because it created a conditional liability for him that would mature into an enforceable obligation if partnerships did not satisfy judgment).

AMCO sought a declaratory judgment that its general liability policy did not provide coverage for its insured, Black Jack Construction, Inc., in connection with a construction defect claim. After the declaratory judgment complaint was filed, the homeowners who had made the construction defect claim filed a lawsuit against Black Jack and other parties, including Sills.

AMCO's general liability policy provided that Black Jack's employees were insured for acts within the scope of their employment or while performing duties related to the conduct of the insured's business. Accordingly, when Sills was named as a defendant in the construction defects lawsuit, AMCO provided him with a defense. However, it did not add Sills as a party in the declaratory judgment action.

AMCO subsequently moved for and obtained a default judgment in the declaratory judgment action. Sills asserts on appeal, and AMCO does not dispute, that, upon obtaining its declaratory judgment by default, "AMCO instructed the attorney representing ... Sills [in the construction defects lawsuit] to withdraw from that representation and so advised ... Sills."

In my view, on these facts, Sills was "substantially aggrieved" by the declaratory judgment. As the majority recognizes, a party is substantially aggrieved by a judgment if the judgment imposes a burden or obligation on the party. *See Wilson v. Board of Regents*, 46 Colo. 100, 100, 102 P. 1088, 1089 (1909). Here, the result of the declaratory judgment was the imposition on Sills of the burden or obligation to provide his own defense in the construction defects litigation—a defense that he otherwise would have received from AMCO if AMCO's policy were deemed to afford coverage.

The majority relies on *Colorado Permanente Medical Group, P.C. v. Evans*, 926 P.2d 1218 (Colo.1996), to support its conclusion that there "is not a sufficiently direct causal connection between the default judgment and [Sills'] asserted injury to warrant the conclusion that [Sills] was directly and substantially aggrieved by the judgment." In my view, the majority's reliance on *Evans* is misplaced. First, the primary basis on which the supreme court relied in finding a lack of standing in *Evans* was the HMO's failure to seek rehearing—at that time, a prerequisite to certiorari review—of the court of appeals' decision. Moreover, although the court also concluded that the HMO was not substantially aggrieved by the court of appeals' decision, the connection between that decision and the HMO's potential injury was far less direct and substantial than is the connection between the declaratory judgment and the burden imposed on Sills here.

The majority also concludes that Sills' claim of a right to a defense under the AMCO policy is not a "claim of right," the denial of which would afford him standing to appeal. Although I am not persuaded that the standing inquiry necessarily turns on what the supreme court meant by the phrase "claim of right" when it used the term in 1909, I consider it unnecessary to decide the issue because I view the burden imposed on Sills as sufficient to establish that he was substantially aggrieved.

Although I conclude that Sills has been substantially aggrieved by the declaratory judgment, I further conclude that, because he failed to raise in the trial court any of the arguments he asserts on appeal, he is not entitled to reversal of that judgment.

It is undisputed that Sills had notice of the pendency of the declaratory judgment action. However, he did not at any time seek to intervene and protect his rights, which he could have done even after the default judgment entered. *See Brown v. Deerksen*, 163 Colo. 194, 429 P.2d 302 (1967); *Senne v. Conley*, 110 Colo. 270, 133 P.2d 381 (1943); *American National Bank v. First National Bank*, 28 Colo.App. 486, 476 P.2d 304 (1970). Had he done so, Sills would have afforded the trial court the opportunity to exercise its discretion to decide whether to set aside the default judgment, *see Borer v. Lewis*, 91 P.3d 375, 379 (Colo.2004), and, if it set aside the default judgment, to address the substantive coverage arguments Sills raises on appeal.

Although Sills' counsel indicated at oral argument that seeking relief in this court would be a "quicker remedy" than moving to intervene and set aside the default judgment in the trial court, that fact, even if true, does not permit Sills to obtain appellate review in this civil case without having first given the trial court an opportunity to rule on his contentions. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal."); *Colorado Compensation Insurance Authority v. Jones*, 131 P.3d 1074, 1079 (Colo.App.2005)(same).

In sum, because I believe Sills did not lack standing to appeal, I respectfully dissent from the majority's dismissal of the appeal for lack of standing. I would, instead, affirm the judgment of the trial court on the basis that Sills has not presented cognizable arguments for reversing that judgment.