In re the MARRIAGE OF
Louise RUBIO,

and

Frank Rubio, Appellee,

and

Concerning The Marrison
Law Firm, Appellant.

No. 10CA0912.

Colorado Court of Appeals,
Div. IV.

Aug. 18, 2011.

Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellee.

The Marrison Law Firm, M. Patricia Marrison, John Paul Lyle, Robert L. Hunt, Lauren M. Hulse, Garred Whalen, Colorado Springs, Colorado, for Appellant.

Opinion by Judge RUSSEL.

The Marrison Law Firm appeals an order issued in a postdissolution of marriage case. We affirm in part and reverse in part.

## I. Background

Louise Rubio (wife) gave a retainer to the Marrison Law Firm to secure its services in a case against Frank Rubio (husband). A few weeks later, husband served a writ of garnishment on the firm. He sought the unearned portion of the retainer to satisfy a judgment that he had obtained against wife. The firm opposed husband's effort. It argued that it had a possessory attorneys' lien against the unearned portion of the retainer.

Husband then asked the court to disqualify the firm. He argued that the firm had an unwaivable conflict of interest because it had asserted its own interest in the retainer. Wife responded that the situation created only a potential conflict of interest, which she waived.

The magistrate ordered the firm to surrender the unearned retainer. She also found an unwaivable conflict of interest and ordered the firm to withdraw from the case.

As part of its final order, the district court released the retainer to husband and disqualified the firm.

## II. Jurisdiction

Husband asserts that we lack subject matter jurisdiction over this appeal. We reject his arguments as follows.

### A. Petition for Review

The magistrate had authority to preside without the parties' consent. *See* C.R.M. 6(b)(1). Consequently, its rulings are appealable only if a timely petition for review was filed in, and decided by, the district court. *See* C.R.M. 7(a)(11).

Here, a timely petition for review was filed and decided. And contrary to husband's view, it does not matter that the petition was filed by wife, instead of the firm. The rules require a timely petition for review, not a timely petition from each potential appellant. *See* C.R.M. 7(a) (outlining the procedure for obtaining review of orders "entered when consent not necessary").

### B. Standing

Husband argues that the firm lacks standing to appeal either the garnishment or the disqualification. We conclude that the firm has standing to appeal both aspects of the court's order.

A nonparty has standing to appeal if it is substantially aggrieved by a trial court's order. *Bush v. Winker*, 907 P.2d 79, 81 (Colo.1995). In this context, one is aggrieved by an order that either imposes a burden or obligation or denies a claim of right. *In re Estate of Macky*, 46 Colo. 100, 100, 102 P. 1088, 1089 (1909); *AMCO Ins. Co. v. Sills*, 166 P.3d 274, 277–78 (Colo.App.2007).

We conclude that the firm was aggrieved by the order permitting garnishment of wife's retainer. The order directly imposed an obligation on the firm. (It required the firm to withdraw the unearned portion of wife's retainer from the firm's trust account and deposit that amount in the court registry.) And this obligation was contrary to the firm's interests both as a business entity and

as a fiduciary for its client. *See In re Sather*, 3 P.3d 403, 409–10 (Colo.2000) (retainers benefit both attorneys and clients; an attorney has a fiduciary duty to safeguard the property of the client over which the attorney has control); *cf. Elrick v. Merrill*, 10 P.3d 689, 698–99 (Colo.App.2000) (attorney may appeal an order awarding fees jointly and severally against her and her clients, even though she was not named as an appellant and did not file her own notice of appeal).

We similarly conclude that the firm was aggrieved by the order of disqualification. The order directly imposed an obligation on the firm. (It required the firm to withdraw from the case.) And this obligation was contrary to the firm's interest because it deprived the firm of earnings that would have resulted from the continuation of the lawyer-client relationship.

### III. Garnishment

■ The firm contends that the court erred in allowing husband to garnish the unearned portion of wife's retainer. The firm does not identify any procedural deficiency in husband's effort. Instead, it argues that courts should disallow the garnishment of client funds held as retainers. We reject the firm's arguments.

We see nothing in the governing statutes or rule that would prevent a judgment creditor from garnishing funds held in a lawyer's trust account. *See* §§ 13–54.5–101 to –111, C.R.S.2010; C.R.C.P. 103. Because unearned retainers belong to the client, not the lawyer, *see Sather*, 3 P.3d at 410, they fall within the broad category of property that is subject to garnishment. *See* § 13–54.5–103(2), C.R.S.2010 ("Any indebtedness, intangible personal property, or tangible personal property capable of manual delivery, other than earnings, owned by the judgment debtor and in the possession and control of the garnishee at the time of service of the writ of garnishment upon the garnishee shall be subject to the process of garnishment.").

We note that other courts have reached similar conclusions. *See K–M Auto Supply, Inc. v. Reno*, 236 A.2d 706, 707 (Del.1967) (as a general rule, creditors may attach client funds held by an attorney); *First Am. Hold-*

*ings, Inc. v. Preclude, Inc.*, 955 So.2d 1231, 1233 (Fla.Dist.Ct.App.2007) (same), *approved sub nom. Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So.2d 628 (Fla.2008); *Inv. Research Inst., Inc. v. Sherbank Mktg., Inc.*, 134 Ohio App.3d 478, 731 N.E.2d 690, 693 (1998) (same); *In re Tidball*, 503 N.W.2d 850, 854 & n. 5 (S.D.1993) (subject to the client's defenses, funds held in an attorney's trust account may be garnished if there is a legal basis for recovery against the client); *Marcus, Santoro & Kozak, P.C. v. Hung–Lin Wu*, 274 Va. 743, 652 S.E.2d 777, 783 (2007) (upholding an order garnishing funds held in law firms' trust accounts); *see also* K.R. Newell, *Funds in Hands of His Attorney as Subject of Attachment or Garnishment by Client's Creditor*, 35 A.L.R.3d 1094 (1971) (collecting cases).

And we note that a contrary rule would invite unethical practice. *See, e.g., Inv. Research Inst.*, 731 N.E.2d at 693–94 (recognizing the "ethical concerns involved" in a scheme devised to circumvent garnishments).

The firm argues that, if courts permit the garnishment of retainers, parties may gain an unfair advantage in litigation by depriving their opponents of legal representation. This argument is difficult to credit generally because it rests on questionable premises. (Is it always true that the debtor has greater need than the creditor?) And here the argument is especially weak because, in a dissolution of marriage case, a trial court may level the playing field by requiring one spouse to pay the other spouse's attorney fees. *See* § 14–10–119, C.R.S.2010; *In re Marriage of Ikeler*, 161 P.3d 663, 669 (Colo.2007) (an award of attorney fees is intended to equalize the parties' status and ensure neither party suffers undue economic hardship as a result of the dissolution of marriage).

■ The firm also argues that garnishment was improper because it had a lien on the unearned portion of wife's retainer under section 12–5–119, C.R.S.2010. This argument fails because it is undisputed that the money was received, not on wife's behalf as a result of the firm's efforts, but directly from wife. Attorney liens under section 12–5–119 attach only to property that an attorney has

obtained or has assisted in obtaining on the client's behalf. *See In re Fisher,* 202 P.3d 1186, 1197 (Colo.2009); *In re Marriage of Berkland,* 762 P.2d 779, 782 (Colo.App.1988).

### IV. Conflict of Interest

The firm contends that it was erroneously required to withdraw from the case. We agree.

When, as here, the underlying facts are undisputed, we review de novo to determine whether a conflict of interest existed. *See People v. Hagos,* 250 P.3d 596, 613 (Colo.App. 2009).

Both the firm and wife expressed an interest in the unearned portion of wife's retainer. This situation created a potential conflict of interest. *See id.* (attorney has a conflict of interest when his or her loyalties are divided); *see also Sather,* 3 P.3d at 413 (client has the right to discharge an attorney and seek a refund of any unearned fees). But here, the potential conflict did not ripen into an actual conflict. *See People v. Curren,* 228 P.3d 253, 258 (Colo.App.2009) (an actual conflict of interest is one that is real and substantial, whereas a potential conflict of interest is one that is possible or nascent). Indeed, the firm and wife were aligned in resisting husband's attempt to garnish the unearned retainer.

Moreover, wife waived any conflict. *See* Colo. RPC 1.7(b); *see also Curren,* 228 P.3d at 258 (where the potential conflict is remote, waiver may not be required at all). And we reject the suggestion that the conflict was unwaivable. Contrary to husband's view, the firm's interest in the unearned retainer does not constitute an "assertion of a claim by one client against another client" within the meaning of Colo. RPC 1.7(b)(2).

The order is affirmed as to the garnishment and reversed as to the disqualification.

Judge DAILEY and Judge MILLER concur.