516 P.2d 448 (1973)
Duane V. LARSON et al., Petitioners-Appellants,
v.
CITY AND COUNTY OF DENVER, a Municipal Corporation, et al., Respondents-Appellees.
No. 73-074.
Colorado Court of Appeals, Div. I.
November 20, 1973.
Geer, Goodwin & Chesler, P. C., Robert E. Goodwin, Denver, for petitioners-appellants.
Brenman, Sobol & Baum, Leo T. Zuckerman, Denver, Max P. Zall, City Atty., Lloyd K. Shinsato, Asst. City Atty., Denver, for respondents-appellees.
Selected for Official Publication.
COYTE, Judge.
Protestants appeal from the district court judgment which affirmed the decision of a local licensing authority to grant an application for a retail liquor store license. There is nothing in the record to show the status of the application to the state for a state liquor license and this appeal *449 deals only with the granting of the license by the local licensing authority.
In Moschetti v. Liquor Licensing Authority, 176 Colo. 281, 490 P.2d 299, a C. R.C.P. 106 proceeding had been filed in the district court by a protestant prior to any action being taken by the state licensing authority on the application. In dismissing the appeal the court stated:
"Under C.R.S. 1963, 75-2-3(8), 75-2-38 and 75-2-42(5), it is necessary before there can be any issuance of a liquor license or a transfer thereof at the local level that the state authority approve the action of the local authority. The concurrent action of the two authorities is mandatory. If the local authority denies the license, appeal therefrom to the district court would lie because the state alone could not authorize the issuance. But where there is approval at the local level, it is of no force and effect without also the state approval. Absent the latter administrative procedure, the entire administrative process is not complete. It is axiomatic that before there can be any recourse to the courts in an administrative matter, there must be an exhaustion of the administrative remedies. This salutary rule of law prevents piecemeal application to, or interference by, the judiciary.
"There is also another reason why the appeal to the district court was premature and jurisdiction did not lie to that court. The state, before granting its concurrent approval, may hold an additional hearing, as was done in this case. Consequently, a review of the entire record was impossible at the stage when it was first presented to the district court. On the other hand, if the state authority had denied the application for the transfer, this particular certiorari review brought by the protestant would have been moot."
Here, there was no showing in the trial court that protestants had exhausted their administrative remedies or that the proceedings were not moot. Thus, the trial court had no jurisdiction over the subject matter of the certiorari proceedings and should have dismissed the action.
Although this point was not raised by the parties, we take note of this lack of jurisdiction on our own motion. See Moschetti v. Liquor Licensing Authority, supra.
Appeal dismissed.
SILVERSTEIN, C. J., and RULAND, J., concur.