**Emery OLIN, Plaintiff-Appellant,**

v.

**CITY OF OURAY, Colorado,
Defendant-Appellee.**

**No. 85CA1121.**

Colorado Court of Appeals,
Div. II.

April 2, 1987.

Rehearing Denied May 7, 1987.

Certiorari Granted (City of Ouray)
Oct. 5, 1987.

Donald W. Marshall, Jr., P.C., on the briefs, Donald W. Marshall, Jr., Westminster, Frank J. Woodrow, Montrose, for plaintiff-appellant.

John R. Kappa, Montrose, for defendant-appellee.

Gerald E. Dahl, Tami A. Tanoue, Denver, amicus curiae for The Colorado Mun. League.

SMITH, Judge.

The sole question presented by this appeal is whether a municipal employee, as distinguished from a county employee, is covered by a statute authorizing compensation for overtime work. In this action plaintiff, Emery Olin, sought such recovery from his employer, the City of Ouray, and in response to a motion under C.R.C.P.

12(b)(5), the trial court dismissed, holding that the employee was not entitled to such compensation as a matter of law. On appeal by the plaintiff, we reverse and remand with directions to reinstate plaintiff's complaint.

Plaintiff's complaint contains two claims for relief. Apropos of both, plaintiff alleges that he was employed by the City of Ouray as a "mechanic, workingman or laborer" during the years 1983, 1984, and 1985. He alleges that during each of these years he was required to work a substantial number of hours in excess of eight hours a day and forty hours per week for which he did not receive any compensation other than his regular monthly salary. One claim for relief was based upon the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and, alternatively, the other was based on § 8–13–105(2), C.R.S.

## The Fair Labor Standards Act.

Plaintiff filed this action within a few days after the announcement of the United States Supreme Court's decision in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In that case the court overruled its prior decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976) and held that employees of state and local units of government were entitled to the protection of the FLSA relative to overtime compensation. In dismissing plaintiff's complaint, the trial court held that *Garcia, supra,* could not be applied retroactively. At oral argument before this court, plaintiff abandoned his argument that the trial court's ruling in this regard was error. We therefore do not address the retroactivity argument or the application of the FLSA here.

## The State Statute

Plaintiff relies solely on the provisions of §§ 8–13–104 and 8–13–105(2), C.R.S., for his right to recover. This enactment had its genesis in H.B. 1282, introduced in the 1975 session of the General Assembly. Although sections 8–13–104 thru 8–13–106 were repealed effective March 26, 1986, at all times pertinent hereto, the statutes provided as follows:

"8–13–104. Eight-hour day for public employees. In all work undertaken in behalf of the state or any county, township, school district, *municipality,* or incorporated town, it is unlawful for *any board,* officer, agent, or any contractor or subcontractor thereof to employ any mechanic, workingman, or laborer in the prosecution of any such work for more than eight hours a day.

"8–13–105. Emergency cases and otherwise. (1) Nothing in section 8–13–104 shall be construed to prevent work by county employees in excess of eight hours a day in emergencies involving the endangering of life or property. (2) When any employee referred to in section 8–13–104 is required to work more than forty hours in any calendar week, whether or not because of an emergency, *the employer* shall compensate him for hours in excess of forty in a calendar week at one and one-half times the regular hourly rate in money or in compensatory time at one and one-half times the number of excess hours, in the *Board of County Commissioner's* discretion.

. . . .

"8–13–106. Penalty for violation. *Any* employer, *board,* officer, or contractor who violates the provisions of section 8–13–104 is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine or not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for not more than one hundred days, or by both such fine and imprisonment." (emphasis added)

The language of § 8–13–104 specifically declares that mechanics, workingmen, and laborers employed by a municipality may not be required to work more than eight hours a day. Plaintiff's allegation that he falls within this category is accepted as true for the purposes of the motion to dismiss.

Section 8–13–105(1) then provides an exception for county employees in case of emergencies involving danger to life or property. This subsection is clear and unambiguous.

Section 8–13–105(2), however, is not so clear. It starts out by referring to *all* employees defined in § 8–13–104 and provides the manner in which "the employer" shall compensate such employees for all hours worked in excess of forty in a calendar week. It provides the option of either compensatory time off or wages for the excess at the rate of one and one-half times the regular rate and leaves the decision as to which form of compensation should be awarded to the board of county commissioners.

It is this delegation of discretion to the county commissioners to determine the manner of payment that presents the first issue for resolution in this case. The city asserts that this choice of language evidences the intent of the General Assembly to limit overtime compensation only to *county employees.* It would be ludicrous, it argues, for the county commissioners to determine the compensation alternatives for municipal or school district employees.

Plaintiff argues that the clear purpose of the section is to provide overtime compensation for all those public employees who are required to work overtime in violation of § 8–13–104. He buttresses this argument, by pointing out that the General Assembly did *not* insert the words "Board of County Commissioners" in its enactment, but merely provided that the "board" should have such discretion. In this assertion he is correct.

The precise language of § 8–13–105(2) as passed by both houses of the General Assembly in H.B. 1282 and signed by the Governor reads as follows:

"When any employee referred to in section 8–13–104 is required to work more than forty hours in any calendar week, whether or not because of an emergency, the employer shall compensate him for hours in excess of forty in a calendar week at one and one-half times the regular hourly rate in money or in compensatory time at one and one-half times the number of excess hours, *in the board's* discretion." Colo.Sess.Laws 1975, ch. 70, at 290 (emphasis added).

Both parties seem to agree that this text was changed to read "in the Board of County Commissioners' discretion" in the printed statute by the revisor of statutes, not by virtue of a "revisor's bill," but rather as a ministerial act without legislative authorization.

Section 2–5–103, C.R.S. (1980 Repl. Vol. 1B) authorizes the revisor to correct obvious errors and inconsistencies in the laws in order to preserve the intent, effect, and meaning of each statutory provision, but it precludes him from making any change in the substance of a statute. Thus, there can be no substantive effect given to a revisor's change, and the substantive effect of § 8–13–105(2) must be determined based upon the wording of the original enactment. *People v. North Avenue Furniture & Appliance Co.,* 645 P.2d 1291 (Colo.1982).

Under the *North Avenue Furniture* rationale, this is true even though such substantive change may have appeared in subsequent annual reenactments of the statutes and the supplements thereto. We acknowledge that errors in the title of a bill, defining its general subject matter, may be corrected, and editorial changes properly made by the revisor may be incorporated into the law by such subsequent total annual reenactment. *See* § 2–5–113(3), C.R.S. (1980 Repl.Vol. 1B); *Specht v. People,* 156 Colo. 12, 396 P.2d 838 (1964). However, we hold that *substantive* changes in language may become part of the statute only by specific enactment reflecting the intent to make such change. We will therefore consider the wording of the Act as passed, rather than as printed in the Colorado Revised Statutes.

Plaintiff argues that the word "board" relates to the governing board of the "employer" referred to in § 8–13–104, *i.e.,* the board of county commissioners, the school board, the city council, or the relevant town board of a municipality. The city on the other hand asserts that § 8–13–105(1) and § 8–13–105(2) must be read together as relating solely to county employees.

Only if a statute is ambiguous may a court undertake to resolve a conflict as to its interpretation. A statute may be considered ambiguous if, as here, reasonable persons have construed it in two different ways. 2A N.J. Singer, *Sutherland Statutory Construction* § 46.02 (4th ed. 1984). If a statute is ambiguous as to its meaning or the interpretation of its language, it is appropriate for the court to turn to the legislative history as an aid to determining the legislative intent. Section 2-4-203, C.R.S. (1980 Repl.Vol. 1B); *Dodge v. Department of Social Services,* 657 P.2d 969 (Colo.App.1982).

The construction that should be given a statute is that which best accomplishes the purpose of the legislative scheme. *Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984); *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

### A.

The "legislative scheme" with reference to § 8-13-105(2), C.R.S., in our view, shows an intention by the General Assembly to cover municipal employees. When H.B. 1282 was first introduced in the 1975 legislative session, the proposed § 8-13-105(2) read:

> "In the event *any county employee* works more than forty hours in any calendar week, the *Board of County Commissioners* shall compensate for hours in excess of forty in a calendar week at one and one-half times the regular hourly rate in cash or in compensatory time at one and one-half times the number of excess hours as in the Board's discretion it may deem advisable." (emphasis added)

However, before being passed by the house of representatives, H.B. No. 1282 was materially revised. As ultimately passed by the house of representatives, it read:

> "When *any employee referred to in section 8-13-104* is required to work more than forty hours in any calendar week, whether or not because of an emergency, *the employer* shall compensate him for hours in excess of forty in a calendar

week at one and one-half times the regular hourly rate in money or in compensatory time at one and one-half times the number of excess hours, in the board's discretion." (emphasis added)

The intention of the change made by the house of representatives before passing H.B. No. 1282 is apparent on its face. The term "county employee" was changed to "any employee referred to in section 8-13-104". The words "Board of County Commissioners" were changed to "the employer". It appears obvious that the house of representatives, acting as a whole, intended to enlarge the scope of § 8-13-105(2) to cover more than just county employees. Had the bill been intended to apply only to "workingmen, mechanics, or laborers" of a county, there would be no possible explanation for the changes that were made to the language of the bill as originally introduced.

When H.B. No. 1282 was considered by the senate, the only changes enacted were to § 8-13-105(1). There was no change in the language of § 8-13-105(2), and that section was ultimately adopted in the same form as had been enacted by the house of representatives.

A joint conference committee report was prepared which recommended that the words "by county employees" be added to the first sentence of § 8-13-105(1). No other changes were recommended, and H.B. 1282, with the conference committee's recommended change was ultimately approved by both houses. It contained the same language in § 8-13-105(2) as had originally been enacted by the house of representatives.

■ We hold that the legislative intent is thus manifest. A bill that was first introduced to apply only to county employees was specifically and deliberately changed to include the employees of other public agencies delineated in § 8-13-104.

### B.

We are not unmindful that under the Colo. Const. art. V, § 21, the subject of a bill must be clearly encompassed within its

title. And, in this regard, the trial court in its conclusions noted the fact that the title of H.B. 1282 read: "A bill for an act concerning overtime compensation of county employees." However, H.B. No. 1282, enacted as § 8–13–105(2), C.R.S., has been reported and printed in each of the annual supplements to the Colorado Revised Statutes since 1976. These annual supplements have been adopted and approved by the General Assembly. *See* § 2–5–113, 2–5–117(3) and 2–5–125(1)(b) through (j), C.R.S. (1986 Cum.Supp.). Thus, although the title of the original bill was not broad enough to cover its subject and was thus defective, the reenactment of the statute by the General Assembly's approval of the annual supplements evidenced its intent that the statute as enacted should be the law of Colorado, and thus, any defect in the scope of the title was corrected. *See* § 2–5–113(3), C.R.S. (1980 Repl.Vol. 1B); *Specht v. People, supra; Tinsley v. Crespin*, 137 Colo. 302, 324 P.2d 1033 (1958); *Olin Mathieson Chemical Corp. v. Francis*, 134 Colo. 160, 301 P.2d 139 (1956).

We interpret the statute as conferring a right to overtime compensation on municipal employees who meet the job classification and overtime requirements of the statute. Consequently, since for the purposes of dismissal under C.R.C.P. 12(b), the trial court was required to assume the truth of plaintiff's allegations that he came within the employment criteria of the statute, the trial court erred in dismissing his complaint for failure to state a claim upon which relief could be granted.

The judgment is reversed, and the cause is remanded with directions to reinstate the complaint.

VAN CISE and KELLY, JJ., concur.