**CITY OF OURAY, Colorado, Petitioner,**

**v.**

**Emery OLIN, Respondent.**

**No. 87SC214.**

Supreme Court of Colorado, En Banc.

Sept. 19, 1988.

John R. Kappa, City Atty., Montrose, for petitioner.

Frank J. Woodrow, Woodrow, Roushar & Carey, Montrose, for respondent.

Geoffrey T. Wilson, Denver, for amicus curiae Colorado Mun. League.

Justice ROVIRA delivered the Opinion of the Court.

In *Olin v. City of Ouray*, 744 P.2d 761 (Colo.App.1987), the court of appeals concluded that section 8-13-105(2), 3 C.R.S. (1973), a since-repealed provision of the Colorado Eight-Hour Day Act, was not limited in its application to county employees, but also applied to municipal employees. We disagree, and therefore, reverse.

I.

In September 1982, Emery Olin (respondent) was appointed by the City Council of the City of Ouray (City-petitioner) to the position of Superintendent of Water Works and Street Commissioner.

Compensation for city officials was based on a specific "grade" within a specific category or pay grade, as determined by the city council. Ouray, Co. Code § 2-24(B)(1)(a). Olin was assigned to grade 4.08 within pay grade 4 and received a yearly salary of $18,876. In March 1985, when this litigation commenced, Olin was in pay grade 4.10, with an annual salary of $21,101.50. This compensation scheme for city officers is to be contrasted with the pay plan set up for non-salaried employees, whose compensation rates are stated in hourly amounts, including amounts for overtime work. *See* Ouray, Co. Code § 2-24(B)(1)(c), (d).

In February 1985, the United States Supreme Court in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), reversed its prior holding in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and reapplied the federal Fair Labor Standards Act (F.L.S.A.), 29 U.S.C. §§ 201-219 (1982), to the activities of state and local governments.

Shortly after the *Garcia* decision, Olin filed a complaint against the City in Ouray County District Court. He set out two claims for relief; the first under the Colorado Eight-Hour Day Act, §§ 8-13-101 to -111, 3 C.R.S. (1973), the second under the F.L.S.A. Olin sought retroactive overtime pay for the hours that he had worked in excess of a regular eight-hour work day,

for the years 1982 through 1985. He claimed that since "[a]ll of the excess hours were worked during calendar weeks when plaintiff had also worked a full forty (40) hour week in the course of his employment," the City is "indebted to and liable to plaintiff for all of the aforesaid excess hours worked at the rate of one and one-half (1½) times his usual rate of compensation."

Olin sought damages under each claim in the amount of $15,264.30, along with costs, attorney fees, and "an additional equal amount as liquidated damages," as provided under 29 U.S.C. § 216(b) (1982).

The City moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to C.R.C.P. 12(b). The City argued, with respect to Olin's first claim for relief, that the Colorado Eight-Hour Day Act failed to provide a civil remedy for the payment of overtime; that neither sections 8-13-104 nor -105, 3 C.R.S. (1973), apply to municipal officers, as opposed to particular municipal employees; that no claim based upon contract could be made pursuant to section 8-13-104; and that any cause of action lying in tort was barred by the Colorado Governmental Immunity Act, §§ 24-10-101 to -120, 10 C.R.S. (1982 & 1987 Supp.). As to the F.L.S.A. claim, the City argued that during the periods of time in question, it was exempt from the requirements of the F.L.S.A., and that nothing in *Garcia* mandated the retroactive application of that decision; that the overtime requirements of the F.L.S.A. do not apply to "executives" such as Olin; and that Olin's claim should be barred on account of the City's good faith reliance upon United States Supreme Court precedent and applicable Department of Labor regulations.

The district court granted the motion, concluding that the Colorado Eight-Hour Day Act "[does] not provide any civil remedy to an employee of a municipality such as [Olin]," since "it is clear that section 105 is limited to county employees." The district court also held that it would be "inherently unfair" under the facts of this case to give retroactive effect to the *Garcia* decision, and therefore, declined to do so.

In reversing, the court of appeals held that "[t]he 'legislative scheme' with reference to section 8-13-105(2) ... shows an intention by the General Assembly to cover municipal employees." *Olin v. Ouray,* 744 P.2d at 764. Accordingly, it interpreted the statutory provisions at issue "as conferring a right to overtime compensation on municipal employees who meet the job classification and overtime requirements of the statute." *Id.* Further, since for the purposes of dismissal under C.R.C.P. 12(b), the trial court is required to assume the truth of Olin's allegations that he came within the employment criteria of the statute, the trial court erred in dismissing Olin's complaint for failure to state a claim upon which relief could be granted. *Id.* The court did not consider the F.L.S.A. claim because it was abandoned on appeal.

We granted certiorari to consider whether section 8-13-105, 3 C.R.S. (1973), applies solely to certain county employees, or whether it also applies to certain municipal employees.

## II.

### A.

The relevant statutory provisions at issue, §§ 8-13-104 to -106, 3 C.R.S. (1973), were repealed by the Colorado General Assembly effective March 1986. *See* ch. 66, sec. 1, §§ 8-13-104 to -106, 1986 Colo.Sess. Laws 508.

The predecessor statute to section 8-13-104 was originally enacted in 1893. *See* ch. 11, sec. 1, 1893 Colo.Sess.Laws 305. At the time of its repeal in 1986, and during the years for which respondent is seeking overtime pay, the provision had changed little from when first enacted, and read as follows:

> **8-13-104. Eight-Hour Day for Public Employees.** In all work undertaken in behalf of the state or any county, township, school district, municipality, or incorporated town, it is unlawful for any board, officer, agent, or any contractor or subcontractor thereof to employ any

mechanic, workingman, or laborer in the prosecution of any such work for more than eight hours a day.

§ 8-13-104, 3 C.R.S. (1973).

In 1975, the General Assembly repealed and reenacted section 8-13-105 through H.B. 1282. *See* ch. 70, sec. 1, § 8-13-105, 1975 Colo.Sess.Laws 290. As last amended, section 8-13-105 reads as follows:

> **8-13-105. Emergency Cases and Otherwise.** (1) Nothing in section 8-13-104 shall be construed to prevent work by county employees in excess of eight hours a day in emergencies involving the endangering of life or property.
>
> (2) When any employee referred to in section 8-13-104 is required to work more than forty hours in any calendar week, whether or not because of an emergency, the employer shall compensate him for hours in excess of forty in a calendar week at one and one-half times the regular hourly rate in money or in compensatory time at one and one-half times the number of excess hours, in the board's discretion.

In the 1978 supplement to C.R.S., the words "in the board's discretion," appearing at the end of H.B. 1282, had been changed to read "in the board *of county commissioner's* discretion." *See* § 8-13-105(2), 3 C.R.S. (1978 Supp.) (emphasis added). This change had apparently been made by the revisor of statutes.

In considering the statutory provisions at issue, the court of appeals isolated the subsections of section 8-13-105 from each other. The court then found section 8-13-105(1) to be "clear and unambiguous," 744 P.2d at 762, but section 8-13-105(2) to be "not so clear." *Id.* at 763. It then concluded that changes affecting section 8-13-105(2) evidenced an intention not to limit the provision to county employees. We believe that when subsections 8-13-105(1) and (2) are read together, however, the meaning of the statute becomes more clear.

Section 8-13-105(1) refers only to *county* employees, and provides an exception to the eight-hour day prohibition set out in section 8-13-104 for "emergencies involving the endangering of life or property." Viewed logically, section 8-13-105(2) requires employers—a general term which under the language of section 8-13-104 includes county officers as well as their contractors or subcontractors—to compensate certain employees, "mechanic[s], workingm[e]n, or laborer[s]," *see* § 8-13-104, for hours worked in excess of forty hours per week in either money (one and one-half times the regular hourly rate) or time (one and one-half times the number of excess hours), with the decision regarding choice of compensation left in the discretion of the board, *i.e.*, the board of county commissioners.

The court of appeals' construction of the statute—that section 8-13-105(1) applies only to counties, but that section 8-13-105(2) applies to both counties and municipalities—creates two inconsistencies. First, it does not make sense for the legislature to require both counties and municipalities to compensate their employees for overtime work pursuant to section 8-13-105(2), but to allow only counties to require their employees to work more than eight hours per day. If section 105(2) is meant to apply to all types of governmental entities—not just counties—the legislature would presumably have broadened the language contained in section 105(1) so that all employees would be required to work more than eight hours a day in emergency situations.

Second, the court of appeals accepted Olin's argument that the word "board" found in section 105(2) relates to the governing board of the "employer" referred to in section 8-13-104, *i.e.*, the board of county commissioners, the school board, the city council, or the relevant town board of a municipality. 744 P.2d at 763. Not only does this interpretation ignore our previous holdings that the definite article "the" particularizes the subject which it precedes, *see, e.g., Brooks v. Zabka*, 168 Colo. 265, 269, 450 P.2d 653, 655 (1969), it also ascribes to the legislature the use of an unusual word—"board"—when describing the governing body of all the governmental entities specified in section 8-13-104. One would not be inclined, for example, to use

the word "board" with reference to a city council. The word "board" is an unlikely and unreasonable choice of a word for the legislature to use to mean all such governing bodies.

Further, if one concludes that section 105(2) was intended to cover more than county employees, but that "board" was intended to mean county officials, one would then be ascribing to the legislature an intent to vest in the boards of county commissioners the discretionary authority to set overtime compensation for employees of townships, school districts, municipalities, and incorporated towns over whom they possess no control.

In addressing the two clauses separately, the court of appeals departed from the well established rule that where possible, a statute is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Martinez v. Continental Enter.*, 730 P.2d 308, 315 (Colo.1986); *Colorado Dept. of Social Services v. Bd. of County Comm'r*, 697 P.2d 1, 23 (Colo.1985).

It is presumed that the legislature intends a just and reasonable result when it enacts a statute; a statutory construction that leads to absurd results will not be followed. *Ingram v. Cooper*, 698 P.2d 1314, 1315 (Colo.1985); *City & County of Denver v. Holmes*, 156 Colo. 586, 590, 400 P.2d 901, 903 (1965); § 2–4–201(1)(c), 1B C.R.S. (1980). Moreover, if separate clauses within a statute may be harmonized by one construction, but would be antagonistic under a different construction, a construction which results in harmony rather than inconsistency should be adopted. *People v. District Court*, 713 P.2d 918, 921 (Colo. 1986); *Mooney v. Kuiper*, 194 Colo. 477, 479, 573 P.2d 538, 539 (1978).

If section 105(2) is interpreted in connection with section 105(1) as applying solely to county employees, a consistent and harmonious result is achieved, one which avoids inconsistent and unreasonable results.

B.

Our conclusion that section 105(2) applies solely to county employees is also supported by the statute's legislative history, as demonstrated by an examination of the prior statute, bill titles, and amendment history. It is a well established principle of law that legislative history may be used when the words in a statute are ambiguous or would involve an irrational result. *Edwards v. Valdez*, 789 F.2d 1477, 1482 (10th Cir.1986); *Harding v. Industrial Comm'n*, 183 Colo. 52, 59, 515 P.2d 95, 98 (1973); *Stewart v. Public Employees Retirement Ass'n*, 43 Colo.App. 25, 28, 612 P.2d 1141, 1143 (1979). *See also* § 2–4–203(1)(c), 1B C.R.S. (1980).

*1. Prior Statute*

In determining legislative intent, it is appropriate for courts to consider the history of a statute, including prior statutes on the same subject. *Industrial Comm'n v. Milka*, 159 Colo. 114, 120, 410 P.2d 181, 184 (1966); *Moore v. Burt Chevrolet, Inc.*, 39 Colo.App. 11, 12, 563 P.2d 369, 370 (1977) ("uniform sales act, the precursor of article 2 of the U.C.C., should be accorded some weight"). *See generally* 2A Singer, *Sutherland Statutory Construction* § 48.03 (4th ed. 1984). Moreover, section 2–4–208, 1B C.R.S. (1980), specifies that "[a] statute which is reenacted, revised, or amended is intended to be a continuation of the prior statute and not a new enactment, insofar as it is the same as the prior statute."

C.R.S.1963, section 80–14–5, a predecessor statute to section 8–13–105, was amended in 1973 by S.B. 203 to read as follows:

> **80–14–5. Emergency Cases.** Nothing in section 80–14–4 shall be construed so as to prevent work in excess of eight hours a day. Hours in excess of eight a day shall be treated as constituting part of a subsequent day's work; except that the *board of county commissioners of any county* may compensate for hours in excess of eight a day at the regular hourly rate in cash, or in such compensatory time as in the board's discretion it

may deem advisable. Compensatory time shall mean time during regularly scheduled hours of work.

Ch. 270, sec. 1, § 80–14–5, 1973 Colo.Sess. Laws 940 (emphasis added). The title of S.B. 203 was "[a]n act concerning compensation of county employees for working in excess of eight hours per day at the regular rate." With the recodification of C.R.S. in 1973, section 80–14–5 was renumbered as section 80–13–105, 3 C.R.S. (1973). The only change in language upon recodification was compressing the phrase "shall be treated as constituting part of a subsequent day's work ..." to "shall constitute part of a subsequent day's work...." The 1973 statute was in turn amended in 1975 by H.B. 1282. As noted above, it is this version, which deleted the reference to "board of county commissioners," but contained the phrase "in the board's discretion."

The statutes passed by the legislature concerning compensation for working in excess of eight hours per day prior to 1975, therefore, contained unambiguous references to the "board of county commissioners." H.B. 1282 amended a statute in 1975 which previously had only covered county employees.

### *2. Title*

As an additional aid in resolving uncertainties concerning legislative intent, the court may properly consider the title of the legislation. *Martinez v. Continental Enter.*, 730 P.2d at 313; *Blanchard v. Griswold,* 121 Colo. 29, 35, 214 P.2d 362, 365 (1950); 2A Singer, *Sutherland Statutory Construction* § 47.03. The title of H.B. 1282, which amended section 8–13–105 in 1975, was "[a]n act concerning compensation of county employees." *See* ch. 70, sec. 1, § 8–13–105, 1975 Colo.Sess.Laws 290.

### *3. Amendment History*

Finally, an additional significant extrinsic aid in the interpretation of statutes is the action of the legislature on amendments proposed during the course of consideration in the legislature. *Milka,* 159 Colo. at 120, 410 P.2d at 184. *See generally* 2A Singer, *Sutherland Statutory Construction* § 48.18.

As introduced in the house, H.B. 1282 applied only to county employees. Section 8–13–105(2) read as follows:

(2) In the event any county employee works more than forty hours in any calendar week, the board of county commissioners shall compensate for hours in excess of forty in a calendar week at one and one-half times the regular hourly rate in cash or in compensatory time at one and one-half times the number of excess hours as in the board's discretion it may deem advisable.

Given the references in the above passage to both "county employees" and "board of county commissioners," it is apparent that H.B. 1282 as introduced covered only county employees, and that "in the board's discretion," referred to a board of county commissioners.

As the court of appeals correctly noted, before being passed by the House of Representatives, H.B. 1282 was materially revised. 744 P.2d at 764. As ultimately passed by the house, the bill read as follows:

**8–13–105. Emergency Cases and Otherwise.**

(1) Nothing in section 8–13–104 shall be construed to prevent work in excess of eight hours a day in emergencies involving the endangering of life or property; but, when any employee subject to the provisions of said section is required to work twelve or more hours in any period of twenty-four hours, he shall be compensated in money for all hours in excess of eight at one and one-half times his regular hourly rate or in compensatory time at one and one-half times the number of excess hours worked, at the discretion of the employer....

(2) When any employee referred to in section 8–13–104 is required to work more than forty hours in any calendar week, whether or not because of an emergency, the employer shall compensate him for hours in excess of forty in a calendar week at one and one-half times

the regular hourly rate in money or in compensatory time at one and one-half times the number of excess hours, in the board's discretion.

As passed, the phrase "county employee" in section 8–13–105(2) had thus been amended to read "any employee referred to in section 8–13–104." The words "board of county commissioners" were changed to read "employer." Given these changes, the court of appeals concluded that "the legislative intent is ... manifest." 744 P.2d at 764. "A bill that was first introduced to apply only to county employees was specifically and deliberately changed to include the employees of other public agencies delineated in 8–13–104." *Id.*

Although the court of appeals assumed that "[i]t appears obvious that the House of Representatives, acting as a whole, intended to enlarge the scope of section 8–13–105(2) to cover more than just county employees," 744 P.2d at 764, another perfectly rational explanation exists for the amended language adopted by the house. This alternative explanation has the added advantage of being consistent with the bill's title, and the overall purpose of the legislative scheme. *People v. Green,* 734 P.2d 616, 621 (Colo.1987); *Engelbrecht v. Hartford Accident & Indem. Co.,* 680 P.2d 231, 233 (Colo.1984).

The change made in section 8–13–105(2) from "county employee" to "any employee referred to in section 8–13–104" was accomplished to limit subsection 105(2) to particular county employees, *i.e.,* mechanics, workingmen, or laborers, the beneficiaries of section 8–13–104, rather than to apply the overtime compensation scheme to all employees of the county or their contractors. Overtime compensation was thus limited to certain county employees, without any attempt to award such compensation to all employees of state, county, or municipal entities. Further, the change from "board of county commissioners" to "employer" was a recognition of an intent on the part of the house to have the statute apply to workers hired directly by county officials, as well as workers hired by employers engaged in a contracting or subcontracting relationship with the county, to remain consistent with the dictates of section 8–13–104. After all, if the house had intended to broaden the scope of section 105(2) to include municipalities, presumably it would also have stricken the phrase "in the board's discretion," and replaced it with language suggestive of a generic governing authority which would include more than county officials.

In the senate, a further amendment was made to H.B. 1282. The senate amendment consisted of deleting from H.B. 1282 as passed by the house that portion of section 105(1) providing for daily overtime compensation.[1] No changes were made by the senate to section 105(2). The effects of this amendment are difficult to discern. The senate preserved the emergency exception of section 8–13–105, but the scope of this exception is unclear. The senate eliminated the reference in section 105(1) to the "employer," which could be construed to expand the coverage of the legislation to more than county employees. Nevertheless, contrary to the conclusion of the court of appeals, it is far from "obvious" that the intention of either the house or the senate was to apply section 8–13–105 to municipal employees.

1. The senate amendment to H.B. 1282 consisted of deleting all that is underlined below from section 8–13–105(1), as passed by the house.

> **8–13–105(1).** Nothing in Section 8–13–104 shall be construed to prevent work in excess of eight hours a day in emergencies involving the endangering of life or property, but, when any employee subject to the provisions of said section is required to work twelve or more hours in any period of 24 hours, he shall be compensated in money for all hours in excess of eight at one and one-half times his regular hourly rate or compensatory time at one and one-half times the number of excess hours worked, at the discretion of the employer. "Compensatory time", as used in this section means time during regular working hours. The provisions of this subsection (1) apply in the computation of daily overtime. The provisions of subsection (2) of this section apply to hours in excess of the regular hours in a work week so that extra hours of work compensated for under this subsection (1) are not compensable also under subsection (2) of this Section.

S.J.Res. 702, 50th Leg., 1st Sess. (1975) (emphasis added).

In any event, a conference committee was formed to reconcile the differences between the two chambers. The discussion indicates that members of this committee were concerned that H.B. 1282, as passed by the house, might be interpreted as applying to more than county employees, which would conflict with the title of the legislation, and therefore, raise a problem under Colorado Constitution art. V, § 21. In addressing this problem, one member of the committee asked another: "Was it your intent to limit it to county employees all along?" To which the apparent sponsor of the legislation replied, "Yes." *Transcript of Conf. Comm. Meeting on H.B. 1282,* 50th Gen. Ass., 1st Sess. (June 10, 1975).

The conference committee decided that inserting the words "by county employees" in section 8-13-105(1) would conform the bill to the sponsor's intention as well as its title, thereby avoiding constitutional problems arising under Colo.Const. art. V, § 21. This change appears as part of the enacted legislation. *See* S.J.Res. 1673, 50th Leg., 1st Sess. (1975); section 8-13-105(2), 3 C.R.S. (1975 Supp.). Given the reasonable assumption that the committee members viewed the words "in the board's discretion" as clearly referring to a board of county commissioners, no change was thought necessary to similarly clarify section 105(2).

Toward the end of the conference committee meeting, one member asked another (presumably a member of the house) whether the house would "know the difference if we add these two words up here," referring to "county employees." The response was "no, because we were dealing with county employees all the time. We didn't change anything." This exchange provides some additional evidence that H.B. 1282, as amended and passed by the house, was understood by that body to apply exclusively to county employees.

The legislative history of section 8-13-105, taken as a whole, in combination with the reasonable construction of the language chosen by the legislature, demonstrates that the statute was intended to apply only to county employees, and not to employees of other governmental entities.

C.

In the 1978 supplement to C.R.S., the phrase "in the board's discretion" appearing at the end of H.B. 1282 as passed by the General Assembly, had been changed to read "in the board of county commissioner's discretion." *See* § 8-13-105(2), 3 C.R.S. (1978 Supp.). This change had apparently been made by the revisor of statutes.

The court of appeals characterized this revision as a substantive change and, in effect, construed the statute without it. Although the court correctly noted that the revisor is precluded from "making any change in the substance of a statute," *id.*, its analysis begs the question. The revisor's change can only be characterized as "substantive" if one initially determines that the statute was designed to cover more than county employees.

Section 2-5-103(2), 1B C.R.S. (1980), specifies that:

> (2) The revisor shall make no change in the substance of any statute but may make such changes in arrangement and terminology as will, in the judgment of the committee, improve the style and clarity of the laws, yet preserve the intent, effect, and meaning of each statutory provision.

The revisor's clarification concerning "the board" was entirely proper and consistent with the revisor's statutory mandate; the purpose of the change was to improve the clarity of the statute by more definitively specifying that "board" referred to board of county commissioners. Since we conclude that the phrase "in the board's discretion" was intended to mean a board of county commissioners, and that the legislature intended the statute to apply exclusively to county employees, the revisor's actions were fully in keeping with the statutory mandate to "make such change in terminology as will, ... improve the style and clarity of the laws, yet preserve the intent, effect, and meaning of each statutory provision." § 2-5-103(2), 1B C.R.S.

(1980). Far from affecting the substance of the statute, the revisor's change simply clarified its language to better conform to the commonly understood legislative intent.

Since we have determined that section 8-13-105, 3 C.R.S. (1973), only applies to county employees it is not necessary to consider the conflict between the title of H.B. 1282 and Colo.Const. art. V, § 21. Accordingly, we offer no opinion on the correctness of the court of appeals' resolution of this question.

We reverse the judgment of the court of appeals and remand to the court of appeals with directions to reinstate the trial court's order of dismissal.