The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

In the Interest of Robert **HOYLMAN**, Respondent–Appellant.

No. 92CA1842.

Colorado Court of Appeals, Div. I.

Nov. 4, 1993.

H. Lawrence Hoyt, Boulder County Atty., Leslie W. Lacy, Asst. Boulder County Atty., Boulder, for petitioner-appellee.

Norman J. Mullen, Boulder, for respondent-appellant.

Opinion by Judge CRISWELL.

Respondent, Robert Hoylman, appeals his certification by the district court for short-term hospitalization and treatment pursuant to § 27–10–107, C.R.S. (1989 Repl.Vol. 11B), asserting that that court erred when it denied his request for a hearing before a jury on his certification. We agree and reverse.

Respondent was certified by a doctor for short-term hospitalization and treatment pursuant to § 27–10–107 in October 1992. He filed a timely request for a jury hearing on his certification, and trial was set for a later date.

During a preliminary hearing, however, the district court ruled that § 27–10–107(3), C.R.S. (1989 Repl.Vol. 11B) did not grant any right to a hearing before a jury on a petition for short-term certification. The court then proceeded to take evidence and certified respondent as mentally ill and gravely disabled. Pursuant to the court's order, respondent was confined to a locked ward at Centennial Peaks Hospital.

## I.

The parties have entered into an agreed statement of facts for purposes of this appeal pursuant to C.A.R. 10(d). That statement discloses that the court entered a written order for short-term hospitalization on November 18, 1992, *nunc pro tunc* to October 29, 1992. However, that statement also discloses that respondent's short-term hospitalization was terminated on November 9, 1992, and there is nothing in the record that would evidence any later hospitalization.

Given these circumstances, therefore, because no order of this court could grant any practical or effective relief to respondent, it could be concluded that his appeal has been rendered moot. *See Van Schaack Holdings, Ltd. v. Fulenwider,* 798 P.2d 424 (Colo.1990). And, although the People have not raised the issue of mootness, we conclude that, because that issue may affect the existence of a justiciable controversy and, hence, this court's jurisdiction over this cause, we must address the question. *See Larson v. City & County of Denver,* 33 Colo.App. 153, 516 P.2d 448 (1973).

■ Even though no practical relief can be granted to a particular applicant, a case is not to be considered moot if the circumstances upon which the asserted claim is based are capable of repetition, yet are of a nature that they may evade review. *Humphrey v. Southwestern Development Co.,* 734 P.2d 637 (Colo.1987). Such are the circumstances presented here.

■ By its nature, an order for short-term hospitalization, entered in a proceeding in which a respondent has been denied a hearing before a jury, will expire before the review of such an order may be had before an appellate court. And, if we were to conclude that the cessation of hospitalization pursuant to that order rendered the question of its validity moot, there could never be a determination of any respondent's rights. Yet, the denial of a right to a jury hearing is a consequence that is surely capable of being repeated in the future.

We conclude, therefore, that the issues presented here have not been rendered moot by respondent's release from hospitalization, that there still exists a real, justiciable controversy, and, therefore, that this court has jurisdiction to proceed to determine those issues.

## II.

■ Section 27–10–107, C.R.S. (1989 Repl. Vol. 11B) provides, in relevant part, that: (1) If a person detained for seventy-two hours under the provisions of section 27–10–105 or a respondent under court order for evaluation pursuant to § 27–10–106 has received an evaluation, he may be certified for not more than three months for short-term treatment under the following conditions:

. . . .

(3) Within twenty-four hours of certification, copies of the certification shall be personally delivered to the respondent. . . . In addition to the copy of the certification, the respondent shall be given a written notice that a hearing upon his certification for short-term treatment may be had before the court *or a jury* upon written request directed to the court pursuant to subsection (6) of this section.

. . . .

(6) The respondent for short-term treatment or his attorney may at any time file a written request that the certification for short-term treatment . . . be reviewed *by the court.* . . . If review is requested, *the court* shall hear the matter within ten days after his request, and *the court* shall give notice to the respondent and his attorney and the certifying and treating professional person of the time and place thereof. *The hearing shall be held in accordance with section 27–10–111.* At the conclusion of the hearing, the court may enter or confirm the certification for short-term treatment, discharge the respondent, or enter any other appropriate order, subject to available appropriations. (emphasis supplied)

Section 27–10–111(1), C.R.S. (1989 Repl. Vol. 11B) provides:

Hearings before the court under section 27–10–107 . . . shall be conducted in the same manner as other civil proceedings before such court. The burden or proof shall be upon the person or facility seeking to detain the respondent. The court *or jury* shall determine that the respondent is in need of care and treatment only if the court *or jury* finds such person mentally ill and, as a result of such mental illness, a danger to others or himself or gravely disabled, by clear and convincing evidence. (emphasis supplied)

Respondent asserts that the plain language of § 27–10–107(3), C.R.S. (1989 Repl. Vol. 11B) and § 27–10–111(1) grants the individual being certified for short-term treatment the right to a jury determination of the factual issues presented. We agree.

■ If statutory language is clear and unambiguous, there is no need to resort to interpretative rules of statutory construction; in such instances, it may reasonably be presumed that the General Assembly meant what it clearly has said. *Woodsmall v. Regional Transportation District*, 800 P.2d 63, 67 (Colo.1990). Further, the Care and Treatment Act, § 27–10–101, et seq., C.R.S. (1989 Repl.Vol. 11B, must be strictly construed because of its curtailment of personal liberty. *Sisneros v. District Court*, 199 Colo. 179, 606 P.2d 55 (1980).

Section 27–10–107(3) expressly requires that the respondent be notified of certification within 24 hours and that he or she may request a "hearing upon his certification for short term treatment before the court or a jury . . . ." And, the fact that the General Assembly meant what it said is reflected in § 27–10–111(1), which provides that in any hearing under § 27–10–107, a *jury* may be called upon to determine the respondent's condition. The language of the two provisions is clear and unambiguous in its guarantee of a jury hearing upon respondent's request.

The People do not argue that respondent's request for a jury was untimely or that it was otherwise defective. They also concede that the relevant statute requires respondent be given notice that a hearing may be had before a judge or jury. What is argued is that the words "court or jury" in § 27–10–107 and § 27–10–111 do not confer a right to request one or the other option; the People assert that this statute merely requires notice of the possibility that a hearing may be had before a court or jury. However, it is urged that a respondent in a short-term hospitalization proceeding has only the right to request a hearing and that it is the court that has unfettered discretion to decide whether that hearing is to be before a jury or before the court itself.

■ A statutory construction that leads to an absurd result cannot be adopted. *City of Ouray v. Olin*, 761 P.2d 784 (Colo.1990). Hence, we cannot conclude that the General Assembly set out a procedure mandating that respondent be notified of a nonexistent right.

■ Even if we were to assume, *arguendo*, that the statute is subject to interpretation, an unusual or extraordinary investiture of power (such as a grant of unfettered authority allowing a trial court to choose a jury or bench hearing for respondent) cannot be inferred from ambiguous statutory language. *People ex rel. Eaton v. District Court*, 18 Colo. 26, 31 P. 339 (1892).

■ We agree that the due process rights established by the federal constitution may not require a jury trial in civil commitment hearings. *See Allen v. Illinois*, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). However, Colorado is free to provide due process protections to its citizens that exceed federal requirements. *See Western Alfalfa Corp. v. Air Pollution Variance Board*, 35 Colo.App. 207, 534 P.2d 796 (1975), *aff'd*, 191 Colo. 455, 553 P.2d 811 (1976).

Thus, although not required by constitutional considerations to do so, the General Assembly has expressed a clear intent to enhance its citizens' procedural due process rights by providing jury hearings in short-term certification proceedings. If the granting of such enhanced rights is perceived to have resulted in administrative problems, the General Assembly and not the courts should be looked to for a solution to those problems.

■ The failure to comply with an essential statutory provision constitutes reversible error. *See Watkins v. People*, 140 Colo. 228, 344 P.2d 682 (1959) (failure of court to provide time for respondent to exercise statutory right to jury trial to review questions presented to medical commission invalidated commitment order). Here, therefore, the court's failure to provide respondent his statutory right to a jury hearing on his short-

term certification invalidated its resulting order.

The order of the district court is reversed.

PIERCE and ROTHENBERG, JJ., concur.