**Dora F. CORNFORTH, Plaintiff–Appellee,**

v.

**Pete LARSEN and Larsen Surveying, Defendants–Appellants.**

No. 01CA0554.

Colorado Court of Appeals, Div. I.

Jan. 17, 2002.

Certiorari Denied July 1, 2002.

Margaret L. Carey, Montrose, CO, for Plaintiff–Appellee.

Woodrow & Roushar, Victor T. Roushar, Montrose, CO, for Defendants–Appellants.

Opinion by Judge METZGER.

Defendants, Pete Larsen and Larsen Surveying, appeal the judgment entered after trial to the court in favor of plaintiff, Dora F. Cornforth. We affirm.

Plaintiff engaged defendants to survey a 600–acre tract of land in San Miguel County and to prepare a subdivision plat for lots of approximately 35 acres each. Relying on monuments from a 1974 survey and using a 1981 survey based to some extent on the 1974 survey, Larsen, a licensed Colorado surveyor, completed the survey in October 1983.

In 1985, the 1974 survey on which Larsen had relied was corrected by the original surveyor. The trial court found plaintiff was aware of this correction, but also found no evidence had been presented to show she had any reason to question it or to know it would impact her later sale of the subdivision.

Between October 1983 and February 1992, plaintiff sold a few individual lots, and then in February 1992, she sold the remaining subdivision property to a partnership. In the fall of 1995, plaintiff, the partnership, and Larsen learned the 1983 survey was defective. Plaintiff and the partnership engaged in litigation as a result, but settled their dispute in September 1997.

In April 1998, plaintiff filed this action against defendants, alleging claims for breach of contract and negligence. Defendants moved for summary judgment, asserting plaintiff's claims were barred by the ten-year statute of repose in § 13–80–105(1),

C.R.S.2001. Concluding that the statute did not apply to the facts here, the trial court denied the motion. After trial to the court, plaintiff was awarded damages of $27,888.67, plus interest and costs.

Defendants contend a civil action seeking damages filed in 1998 as a result of a defective survey completed in 1983 is barred by the ten-year statute of repose in § 13–80–105(1). Therefore, they argue, plaintiff's claims were barred as a matter of law, and the trial court erred in ruling to the contrary. We disagree.

Section 13–80–105, C.R.S.2001, limits actions against land surveyors and provides, as relevant here:

(1) Notwithstanding any statutory provision to the contrary, all actions against any land surveyor brought to recover damages resulting from any alleged negligent or defective land survey shall be brought within the time provided in section 13–80–101 after the person bringing the action either discovered or in the exercise of reasonable diligence and concern should have discovered the negligence or defect which gave rise to such action, and not thereafter, but in no case shall such an action be brought more than ten years after the completion of the survey upon which such action is based.

. . . .

(3)(a) The limitations set forth in subsection (1) . . . of this section shall not apply to any survey unless the documentary evidence of such land survey contains, clearly depicted thereon, the following statement:

"**NOTICE:** According to Colorado law, you **must** commence any legal action based upon any defect in this survey within three years after you first discover such defect. In no event may any action based upon any defect in this survey be commenced more than ten years from the date of the certification shown hereon." (emphasis in original)

This statute was originally enacted in 1979, Colo. Sess. Laws 1979, ch. 145, § 13–80–127.3 at 633–34, and, for purposes of the issues raised here, the current version is substantially the same as the version in effect in 1983 when defendants completed the survey.

The interpretation of a statute is a question of law, which we review de novo. *See Watson v. Vouga Reservoir Ass'n,* 969 P.2d 815 (Colo.App.1998).

When construing a statute, we must determine and give effect to the intent of the General Assembly. To determine that intent, we look first to the plain language of a statute. If we can give full effect to the ordinary meaning of the words used, we construe the statute as written, because we presume the General Assembly meant what it clearly said. *See State v. Nieto,* 993 P.2d 493 (Colo.2000). We also presume the General Assembly intends a just and reasonable result. A statutory construction that leads to absurd results will not be followed. *See City of Ouray v. Olin,* 761 P.2d 784 (Colo.1988).

Statutes of repose set a date after which a claim may be barred whether or not an injury has been discovered previously. Such statutes begin to run on the date of the act or omission giving rise to the injury. In contrast, statutes of limitation run from the date the injury was discovered or should have been discovered. The purpose of a statute of repose is to prevent the assertion of stale claims and to reduce the so-called "long tail" of liability created by the discovery rule. *See Comstock v. Collier,* 737 P.2d 845 (Colo.1987).

Larsen performed his survey in 1983. It is undisputed the survey was defective. It is also undisputed the survey did not contain the statutory notice provided for in § 13–80–105(3)(a), C.R.S.2001.

In denying defendants' motion for summary judgment, the trial court determined § 13–80–105(3)(a) controlled over § 13–80–105(1), reasoning:

[U]nder the plain language of the statute, in order for the ten-year statute of repose to apply, the survey has to contain the notice. Since it is undisputed that the survey did not contain the notice, the ten-year statute of repose has no application. Without express direction from the legislature, the Court is unwilling to read into the

statute an automatic ten-year period of repose....

We agree with the trial court's interpretation.

Because defendants' remaining contentions were raised for the first time in their reply brief, we may not address them. *See People v. Czemerynski*, 786 P.2d 1100 (Colo.1990).

The judgment is affirmed.

Judge NEY and Judge TAUBMAN concur.