25CA2062 Peo in Interest of Oderson 12-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2062
City and County of Denver Probate Court No. 25MH1009
Honorable Beth A. Tomerlin, Magistrate

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Tamika Oderson,

Respondent-Appellant.

---

APPEAL DISMISSED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

---

Miko Brown, City Attorney, Daniel Horwitz, Assistant City Attorney, Denver, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 Respondent, Tamika Oderson, appeals a magistrate's order authorizing (1) her certification for short-term mental health treatment at Highlands Behavioral Health (the hospital) and (2) the involuntary administration of medication. Because the appeal is moot, we dismiss it.

## I. Background

¶ 2 A crisis response team transported Oderson to the emergency room after bystanders observed her outside of a coffee shop speaking to someone who was not there. At the emergency room, staff placed her on a seventy-two-hour emergency mental health hold. She was then transferred to the hospital, where she was diagnosed with unspecified schizophrenia.

¶ 3 Oderson's treating psychiatrist at the hospital sought an order authorizing her certification for short-term mental health treatment. The hospital also asked for an order to involuntarily medicate her. In October 2025, a magistrate held an evidentiary hearing, after which the magistrate granted the hospital's requests.

¶ 4 A week later, Oderson's treating physician filed a notice of termination of involuntary treatment, stating that Oderson's condition had improved and that she was discharged from the

hospital.[1]  This court then issued an order directing Oderson to show cause why the appeal should not be dismissed as moot.

## II.     Mootness

¶ 5     Oderson acknowledges that she has been released from the hospital and is no longer subject to the involuntary treatment challenged on appeal.  However, she contends that the appeal should not be dismissed because it falls within the exception to the mootness doctrine for issues "capable of repetition but evading review."  *People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 9. We disagree.

¶ 6     Colorado courts have applied the exception for issues capable of repetition but evading review in mental health appeals involving short-term certifications and involuntary medication administration.  *See, e.g.*, *Gilford v. People*, 2 P.3d 120, 124 (Colo. 2000); *People in Interest of Ofengand*, 183 P.3d 688, 691 (Colo. App.

---

[1] Counsel filed the notice of appeal in this case on October 22, 2025.  The record indicates that Oderson was released from the hospital two days later.  Thus, Oderson's counsel should have known about her release before filing the opening brief, yet omitted any reference to it in that brief.  We remind counsel of her professional duty of candor to this court, Colo. RPC 3.3, and the obligation to include all relevant facts in her brief, C.A.R. 28(a)(5).

2008). In those cases, however, the appeals involved specific procedural issues that were likely to arise in other cases. *See Gilford*, 2 P.3d at 122 (addressing whether the petition must be personally delivered to vest the trial court with jurisdiction); *Ofengand*, 183 P.3d at 691 (addressing argument that the patient waived her right to counsel).

¶ 7     Oderson does not raise any such procedural issues in this appeal. Rather, she asserts only that the magistrate erred by finding that sufficient evidence supported the requirements for both short-term certification and the involuntary administration of medication. These determinations are fact-specific and turn on Oderson's condition at the time of the magistrate's findings. *See Vivekanathan*, ¶ 14. As a result, the issue of whether the magistrate erred has become moot, and our ruling would have no practical effect. *See id.*

¶ 8     Still, Oderson asserts that this matter is capable of repetition yet evading review "by its very nature" because "it pertains to short-term certification and involuntary treatment." In support, she directs our attention to *People in Interest of Hoylman*, 865 P.2d 918, 920 (Colo. App. 1993), where a division of this court observed that,

"[b]y its nature, an order for short-term hospitalization, *entered in a proceeding in which a respondent has been denied a hearing before a jury*, will expire before the review of such an order may be had before an appellate court." (Emphasis added.) We do not read *Hoylman* to state, as Oderson suggests, that any case involving short-term certification and involuntary medication is categorically exempt from mootness. Rather, like the cases cited above, *Hoylman* involved a procedural issue — the denial of a hearing before a jury — that was capable of repetition yet evading review. *See Vivekanathan*, ¶ 10 (including *Holyman* in a list of cases involving procedural issues that were capable of repetition yet evading review).

¶ 9 At any rate, even if *Hoylman* could be read to suggest that all mental health orders are reviewable simply because they expire before an appellate court can review them, such a proposition is no longer true today. We consistently review orders for short-term certification and involuntary administration of medication before they expire. And the only reason we have not done so in this case is because Oderson was released two days after she filed the appeal.

¶ 10    We therefore reject Oderson's contention and conclude that the appeal is moot.  As a result, we do not address the merits of her appeal.

## III.    Disposition

¶ 11    The appeal is dismissed.

JUDGE FREYRE and JUDGE PAWAR concur.